IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 110,243

STATE OF KANSAS,
*Appellee*,

v.

ALFRED ROCHELEAU,
*Appellant.*

SYLLABUS BY THE COURT

1.

Appellate courts have jurisdiction under K.S.A. 2017 Supp. 22-3602(a) to consider a direct appeal by a defendant who pleaded guilty or nolo contendere challenging a district court's order that the defendant comply with the Kansas Offender Registration Act, K.S.A. 22-4901 et seq.

2.

Jurisdiction in any action on appeal is dependent upon strict compliance with the statutes. But when there is a valid controversy whether the statutory requirements were complied with, we construe those statutes liberally to assure justice in every proceeding.

3.

Until this court's decision in *State v. Marinelli*, 307 Kan. __, __ P.3d __ (No. 111,227, this day decided), a valid controversy existed as to whether a district court's order that a defendant comply with the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq., was part of a defendant's criminal sentence. After *Marinelli*, a criminal defendant pursuing KORA challenges is advised not to recite in the notice of appeal that the defendant is appealing only sentencing issues.

1

4.

Lifetime postrelease registration for sex offenders mandated by the Kansas Offender Registration Act, K.S.A. 22-4901 et seq., does not constitute punishment for purposes of applying provisions of the United States Constitution or § 9 of the Kansas Constitution Bill of Rights.

Review of the judgment of the Court of Appeals in an unpublished opinion filed October 17, 2014. Appeal from Sedgwick District Court; JOSEPH BRIBIESCA, judge. Opinion filed April 13, 2018. Judgment of the Court of Appeals dismissing the appeal for lack of jurisdiction is reversed. Judgment of the district court is affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, was on the briefs for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BILES, J.:  Alfred Rocheleau pleaded guilty to aggravated indecent solicitation of a child. The district court sentenced him to 32 months' imprisonment and ordered lifetime registration under the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 et seq. Rocheleau appealed, arguing lifetime registration violated the Ex Post Facto Clause of the United States Constitution because it exceeded the registration period applicable at the time of his crime. A Court of Appeals panel dismissed the appeal because the notice of appeal mentioned only sentencing. The panel held this notice limited its jurisdiction because KORA registration was not a part of a criminal sentence. *State v. Rocheleau*, No. 110,243, 2014 WL 5347173, at *1 (Kan. App. 2014) (unpublished opinion). We hold the panel erred.

There is appellate jurisdiction because Rocheleau's notice of appeal should be read broadly enough to encompass his KORA challenge under the conflicting caselaw existing when he appealed. See *State v. Marinelli*, 307 Kan. __, __ P.3d __ (No. 111,227, this day decided), slip op. at 25-26 (KORA appeals properly within K.S.A. 2017 Supp. 22-3602[a]'s purview). But after *Marinelli*, a criminal defendant pursuing KORA challenges is advised not to recite in the notice of appeal that the defendant is appealing only sentencing issues. On the merits, we affirm the district court.

FACTUAL AND PROCEDURAL BACKGROUND

On March 29, 2013, Rocheleau pleaded guilty to one count of aggravated indecent solicitation for a crime occurring between December 2010 and September 2011. The ex post facto issue arises because the 2011 Legislature amended KORA to increase the registration term for Rocheleau's crime from a 10-year period to lifetime. See L. 2011, ch. 95, § 6. Rocheleau argues his registration should be governed by the law at the time of his crime.

Rocheleau filed a timely notice of appeal. It states, "Notice is hereby given by the Defendant, Alfred Rocheleau, by and through [counsel], his attorney, *of his intention to appeal his sentence* . . . to the Court of Appeals of the State of Kansas." (Emphasis added.) The State seized on this specificity, asserting offender registration is merely an incident to sentencing—not part of sentencing. The panel agreed and dismissed the appeal. *Rocheleau*, 2014 WL 5347173, at *3 ("Because offender registration was not part of Rocheleau's sentence, his notice of appeal vested us with appellate jurisdiction over only his sentence. Consequently, this court lacks jurisdiction to address Rocheleau's offender registration argument.").

Even so, and without explanation as to why it would proceed on the merits in a case it had just held there was no appellate jurisdiction, the panel determined Rocheleau's arguments would fail on their merits. 2014 WL 5347173, at *3-5.

Rocheleau filed a petition for review, which we granted as to the KORA-related issues, specifically: jurisdiction and the ex post facto challenge.

JURISDICTION

In *Marinelli*, this court held KORA challenges may be appealed as a matter of right under K.S.A. 2017 Supp. 22-3602(a). 307 Kan. at __, slip op. at 25-26. But that does not resolve the notice of appeal problem arising from Rocheleau's description that he was appealing "his sentence." *Marinelli* further held KORA registration is not part of a criminal sentence. 307 Kan. at __, slip op. at 24. We must consider whether Rocheleau's notice of appeal was fatally flawed.

*Standard of Review*

Appellate courts exercise unlimited review over jurisdictional issues. *Kaelter v. Sokol*, 301 Kan. 247, 247, 340 P.3d 1210 (2015). Questions involving statutory interpretation are questions of law also subject to unlimited review. *In re N.A.C.*, 299 Kan. 1100, 1106-07, 329 P.3d 458 (2014).

*Discussion*

The right to appeal is purely statutory and not a right contained in the United States or Kansas Constitutions. *State v. Ehrlich*, 286 Kan. 923, Syl. ¶ 2, 189 P.3d 491 (2008). See generally K.S.A. 2017 Supp. 22-3601 (appellate jurisdiction in criminal cases); K.S.A. 22-3606 (procedure on appeal in criminal cases); K.S.A. 2017 Supp. 60-

4

2103 (procedure on appeal in civil cases); K.S.A. 2017 Supp. 22-3608(c) (time for appeal from district court's judgment in criminal cases).

K.S.A. 2017 Supp. 60-2103(b) states, "The notice of appeal shall specify the parties taking the appeal; *shall designate the judgment or part thereof appealed from*, and shall name the appellate court to which the appeal is taken." (Emphasis added.) Kansas appellate courts have power to entertain an appeal only if it is brought within the time limitations and manner prescribed by the applicable statute. If the record reveals jurisdiction does not exist, the appeal must be dismissed. *Ehrlich*, 286 Kan. at 925.

"'[J]urisdiction in any action on appeal is dependent upon strict compliance with the statutes.'" *State v. Boyd*, 268 Kan. 600, 607, 999 P.2d 265 (2000). But, "'when there is a valid controversy whether the statutory requirements have been complied with, [courts] are required to construe those statutes liberally to assure justice in every proceeding.'" 268 Kan. at 607. Courts also look to whether there is a "'showing that the notice of appeal misled the State or that anyone was surprised or prejudiced by the issues on appeal.'" 268 Kan. at 607.

Our question is whether there is a valid dispute about Rocheleau's compliance with K.S.A. 2017 Supp. 60-2103(b) based on his specificity about sentencing in the notice of appeal. If so, this court should construe the applicable statute liberally. See K.S.A. 22-2103 (requiring Kansas courts to construe the code of criminal procedure "to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay"); K.S.A. 2017 Supp. 60-102 ("The provisions of this act shall be liberally construed, administered and employed by the court and the parties to secure the just, speedy and inexpensive determination of every action and proceeding."). The State makes no claim it was misled, surprised, or prejudiced by Rocheleau's notice of appeal.

5

Until *Marinelli* resolved the disagreement, the Court of Appeals was split on whether KORA registration was part of a criminal sentence. *Marinelli*, 307 Kan. at __, slip op. at 15. Compare *State v. Simmons,* 50 Kan. App. 2d 448, 457, 329 P.3d 523 (2014) (KORA not a part of sentencing because it arises automatically as an operation of law), with *State v. Dandridge,* No. 109,066, 2014 WL 702408, at *3 (Kan. App. 2014) (unpublished opinion) (KORA a legal consequence of the crime so part of sentencing). Our decision in *Marinelli* found fault with the rationales employed in both panels' decisions. *Marinelli*, 307 Kan. at __, slip op. at 23-24. Ultimately, while we concluded a KORA challenge is not an appeal from the judgment of conviction, we also concluded KORA was not a part of a criminal sentence. 307 Kan. at __, slip op. at 24. We noted less-than-precise guidance given by our own decisions. 307 Kan. at __, slip op. at 20.

*Marinelli* simply held KORA registration challenges could properly be raised in direct appeals from criminal prosecutions under K.S.A. 2017 Supp. 22-3602(a). 307 Kan. at __, slip op. at 25-26. It did not address the contents of Marinelli's notice of appeal other than to note he challenged "all adverse rulings of the court . . . ." 307 Kan. at __, slip op. at 7.

In Rocheleau's case, the panel relied on *Simmons*. *Rocheleau*, 2014 WL 5347173, at *3. The State relies on *State v. Jackson*, 291 Kan. 34, 36-37, 238 P.3 246 (2010), in which we held KORA obligations are "an incident of sentencing." The panel did not mention *Dandridge*, which contradicted *Simmons*—and which cited *Jackson* for support. See *Dandridge*, 2014 WL 702408, at *3 (holding "Kansas appellate courts have referred to offender registration as part of sentencing," citing *Jackson*, 291 Kan. at 37). Given that neither panel decision had been overturned at the time Rocheleau filed his notice of appeal, a legitimate controversy existed. We therefore construe K.S.A. 2017 Supp. 60-2103(b) broadly in determining Rocheleau's notice of appeal met the statute's

6

requirements. See *Boyd*, 268 Kan. at 607 ("[N]otice of appeal requirement should be read broadly.").

We hold Rocheleau's notice of appeal was sufficient to trigger appellate jurisdiction given the contrary caselaw. *Marinelli* now resolves that controversy, so from this date forward warning is afforded to future litigants that KORA appeals should not be shown as only a sentencing challenge.

EX POST FACTO CHALLENGE

Moving to the merits, Rocheleau concedes his KORA claim was raised for the first time on appeal. It involves a legal question—whether the changes to offender registration requirements implemented after Rocheleau had committed his crime are a punishment, rendering their retroactive application the Ex Post Facto Clause's violation.

Rocheleau is a sex offender, and his issue is controlled by *State v. Petersen-Beard*, 304 Kan. 192, 208-09, 377 P.3d 1127, *cert. denied* 137 S. Ct. 226 (2016), in which this court held lifetime sex offender registration under KORA, as amended by the 2011 Legislature, was not "punishment," and so was not "cruel and unusual punishment" proscribed by the Eighth Amendment to the United States Constitution. See *Petersen-Beard*, 304 Kan. at 196 ("[I]f KORA's lifetime sex offender registration requirement is punishment for either ex post facto or double jeopardy purposes, it must necessarily also be punishment for Eighth Amendment purposes. The reverse would likewise be true."). Accordingly, we affirm the lifetime registration requirements.

STEGALL, J., not participating.

MICHAEL J. MALONE, Senior Judge, assigned.[1]

\* \* \*

MALONE, J., concurring: I adopt my concurring opinion in *State v. Watkins*, 306 Kan. 1093, 1096-99, 401 P.3d 607 (2017), in which I expressed disagreement with this court's decision in *State v. Petersen-Beard*, 304 Kan. 192, 377 P.3d 1127, *cert. denied* 137 S. Ct. 226 (2016), and its progeny, but explained how the principle of stare decisis compelled me to concur with the majority opinion in that case. My position in that regard has not changed.

\* \* \*

JOHNSON, J., concurring in part and dissenting in part: I agree that there is jurisdiction to hear this appeal, but I disagree with the majority's determination that registration is not part of the criminal sentence. See *State v. Marinelli*, 307 Kan. __, __ P. 3d __ (No. 111,227, this day decided), slip op. at 30-35 (Rosen, J., concurring); *State v. Thomas*, 307 Kan. __, __ P. 3d __ (No. 109,951, this day decided), slip op. at 24-33 (Johnson, J., concurring).

BEIER and ROSEN, JJ., join in the foregoing concurring and dissenting opinion.

---

[1] **REPORTER'S NOTE:** Senior Judge Malone was appointed to hear case No. 110,243 vice Justice Stegall under the authority vested in the Supreme Court by K.S.A. 20-2616.

* * *


BEIER, J., dissenting:  Consistent with my votes in *State v. Buser*, 304 Kan. 181, 371 P.3d 886 (2016), *State v. Redmond*, 304 Kan. 283, 371 P.3d 900 (2016), and *Doe v. Thompson*, 304 Kan. 291, 373 P.3d 750 (2016), which dealt with the Ex Post Facto Clause, and in *State v. Petersen-Beard*, 304 Kan. 192, 377 P.3d 1127, *cert. denied* 137 S. Ct. 226 (2016), which dealt with the Eighth Amendment and § 9 of the Kansas Constitution Bill of Rights, I respectfully dissent from the majority's holding that lifetime sex offender registration is not punishment.


ROSEN and JOHNSON, JJ., join in the foregoing dissenting opinion.