NOT DESIGNATED FOR PUBLICATION

No. 118,173

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DANNY JOE WILLIAMS, SR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; CHERYL A. RIOS, judge. Opinion filed September 28, 2018.
Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for
appellee.

Before BRUNS, P.J., MCANANY, J., and BURGESS, S.J.

PER CURIAM:  In December 1998, Danny Joe Williams, Sr. was convicted of
attempted aggravated indecent liberties with a child. He was ordered to register as a sex
offender for 10 years under the Kansas Offender Registration Act (KORA), K.S.A. 22-
4901, et seq. (Furse 1995). See K.S.A. 22-4906 (Furse 1995). Under later amendments to
KORA, Williams was required to register for life. See K.S.A. 1999 Supp. 22-4906(c).

In 2013, Williams was charged with failing to register as an offender. Williams
moved to dismiss, arguing that the imposition of the registration requirement for more
than 10 years violated the Ex Post Facto Clause of the United States Constitution and that

1

he was no longer required to register in 2013 because the period of required registration for his original conviction had expired. He also moved for an indigency determination to relieve him of his obligation to pay the $20 offender registration fee.

Following an evidentiary hearing, the court denied Williams' motion. The court found that the changes to KORA applied retroactively and that registration is not punishment. Thus, there is no ex post facto violation. The court also found Williams was indigent and waived his $20 registration fee.

The case was tried to the court on stipulated facts. The parties stipulated that (1) Williams was required to register in January, April, July, and October of 2013 under KORA; (2) Williams updated his KORA registration in July but did not pay the $20 registration fee; and (3) he did not update his KORA registration in October. Williams renewed his objection to the district court's ruling on his motions to dismiss.

The district court found Williams guilty of failing to register on one occasion. The court sentenced him to 34 months' imprisonment but granted a dispositional departure to 24 months' probation. Williams' appeal brings the matter to us.

Williams argues on appeal that the district court erred in denying his motion to dismiss. He contends that KORA and its 2011 amendments amount to punishment and their retroactive application to him is unconstitutional.

We have unlimited review over this issue. We presume a statute is constitutional and resolve all doubts in favor of its validity. We interpret a statute in a way that renders it constitutional if such an interpretation maintains the Legislature's apparent intent. *State v. Petersen-Beard*, 304 Kan. 192, 194, 377 P.3d 1127, *cert. denied* 137 S. Ct. 226 (2016).

The Ex Post Facto Clause of the United States Constitution forbids laws that impose a punishment for an act which was not a crime when it was committed or laws which impose a greater punishment than existed when the crime was committed. U.S. Const. art. I, § 10. A law violates the Ex Post Facto Clause if two elements are present: (1) the law is retrospective and (2) the law disadvantages the offender affected by it. *State v. Prine*, 297 Kan. 460, 469-70, 303 P.3d 662 (2013).

Williams relies heavily on *Doe v. Thompson*, 304 Kan. 291, 373 P.3d 750 (2016), *overruled by Petersen-Beard*, 304 Kan. 192. But *Petersen-Beard* and *State v. Reed*, 306 Kan. 899, 904, 399 P.3d 865 (2017), control the outcome here. In *Petersen-Beard*, the court considered KORA's constitutionality under the Eighth Amendment to the United States Constitution. The court held that KORA's lifetime offender registration requirements are not punishment. 304 Kan. 192, Syl. ¶ 1. The court determined that the Legislature did not intend for KORA's lifetime sex offender registration scheme to be punitive and the burdens imposed by KORA's registration requirements were not so onerous as to constitute punishment. 304 Kan. at 208. In *Reed*, the holding in *Petersen-Beard* was extended to ex post facto challenges to KORA's registration requirements for sex offenders. *Reed*, 306 Kan. at 904.

Williams would have us reevaluate the holdings in *Petersen-Beard* and *Reed*. This we cannot do. We are duty bound to follow Kansas Supreme Court precedent, absent some indication the Supreme Court is departing from its previous position. *State v. Meyer*, 51 Kan. App. 2d 1066, 1072, 360 P.3d 467 (2015). We see no such indication. See *State v. Rocheleau*, 307 Kan. 761, 766, 415 P.3d 422 (2018). The district court did not err in denying Williams' motion to dismiss.

Affirmed.

3