NOT DESIGNATED FOR PUBLICATION

No. 119,738

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DENNIS LEE SHAFFER,
*Appellant*.


MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES CHARLES DROEGE, judge. Opinion filed November 22, 2019. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., BRUNS, J., and WALKER, S.J.

PER CURIAM: Dennis Lee Shaffer appeals his conviction in Johnson County District Court for violating the Kansas Offender Registration Act (KORA). He raises two constitutional challenges to his conviction, but we find both of them to lack merit. He also contends that the State failed to present sufficient evidence to support his conviction for violating KORA, but we disagree and affirm Shaffer's conviction.

1

FACTS

On July 17, 2017, the State charged Shaffer with failing to report as required by K.S.A. 2018 Supp. 22-4905(b)(1) of KORA, in violation of K.S.A. 2018 Supp. 22-4903(a). Shaffer waived his right to a jury trial and proceeded to a bench trial on stipulated facts, presumably to preserve his constitutional challenges. The following stipulation of facts by the State and Shaffer ultimately formed the basis for Shaffer's conviction:

"1. In May of 2017, Johnson County Sheriff's Detective Gary Borstelman received information that registered sex offender, Dennis Shaffer, had failed to update his registration in April of 2017 as required by Kansas statute, K.S.A. 22-4905.

"2. Mr. Shaffer was convicted in June of 1994 of First Degree Sexual Abuse in Clark County, Missouri and, as a result of this conviction, Mr. Shaffer is required to register as a sex offender. In Kansas, Mr. Shaffer's offender registration is considered private, meaning that he is required to register per Kansas statutes, but his registration is not listed on the public offender registration website.

"3. Mr. Shaffer first registered in Johnson County in January of 2010. He completed registration in Johnson County on January 31, 2017, at which time he listed a home address of . . . Olathe, Johnson County, Kansas, which remains his current address. A move from this last listed residence in Olathe, Kansas would cause Mr. Shaffer to be in violation of his registration by not providing information about a change of residency within three business days of making that move.

"4. Kansas statutes require Mr. Shaffer to update his registration in the months of January, April, July and October.

"5. Mr. Shaffer was required to update his registration in April of 2017 but failed to do so. At no point between May 1, 2017 and July 14, 2017 did he register.

"6. Shaffer was eventually charged in Johnson County District Court with failure to register."

The district court inquired of Shaffer as to his understanding of the stipulation of facts, accepted the stipulation, and then found Shaffer guilty of failing to report as required under KORA.

Shaffer filed a motion for a dispositional sentencing departure. The district court ultimately granted the motion and imposed a presumptive, underlying prison term of 34 months but suspended the sentence in favor of 24 months of probation. Because Shaffer was on postrelease supervision at the time of his conviction, the court ordered Shaffer to serve 60 days of shock time in jail before being placed on probation.

Shaffer filed a timely notice of appeal from his conviction and sentence.

ANALYSIS

*Does federal registration law constitute an unconstitutional delegation of congressional authority?*

Shaffer first argues that requiring him to register because of his Missouri first-degree sexual abuse conviction is unconstitutional. His argument is not about the constitutionality of KORA, but instead he challenges the constitutionality of the federal Sex Offender Registration and Notification Act (SORNA). Shaffer contends that the provision of SORNA authorizing inclusion of convictions committed before the 2006 enactment of the Act, 34 U.S.C. § 20913(d), is an unconstitutional delegation of congressional power. Therefore, Shaffer reasons that the Missouri conviction did not require Shaffer's registration under KORA.

As he concedes, Shaffer did not raise this issue in the district court. Typically, issues raised for the first time on appeal, even constitutional issues, are not properly considered. See *State v. Alvarez*, 309 Kan. 203, 209, 432 P.3d 1015 (2019). Shaffer contends that consideration of his issue for the first time on appeal is appropriate because

3

the issue is solely a legal question. The constitutionality of a statute is a question of law. *State v. Gonzalez*, 307 Kan. 575, 579, 412 P.3d 968 (2018). But a legal question is appropriately resolved on appeal only when the facts upon which the legal question is framed have been conclusively determined. See *Alvarez*, 309 Kan. at 209 ("claim involves only a question of law arising on proved or admitted facts and is determinative of the case"). But as noted by the State in its appellate brief, we believe it is questionable whether the legal issue raised by Shaffer is based on determined facts.

As framed by Shaffer, the documents in his file suggest that he was required to register for his Missouri sex offense conviction because the application of SORNA required him to register in Missouri. Shaffer's recitation of these facts suggests that he believes his only KORA obligation to register arose under K.S.A. 2018 Supp. 22-4902(a)(4) (defining offender to include "any person who has been required to register under out-of-state law or is otherwise required to be registered"). But in opposition the State contends that Shaffer's argument is much too narrow, and his June 1994 conviction for a sex offense in Missouri would likely require him to register under other sections of KORA regardless of any registration requirement in Missouri or under SORNA. The State cites K.S.A. 2018 Supp. 22-4902(a)(1), (b)(1), and (c)(16), which read as follows:

> "As used is the Kansas offender registration act, unless the context otherwise requires:
>
> "(a) 'Offender' means:
>
> (1) A sex offender;
>
> . . . .
>
> "(b) 'Sex offender' includes any person who:
>
> (1) On or after April 14, 1994, is convicted of any sexually violent crime;
>
> . . . .
>
> "(c) 'Sexually violent crime' means:
>
> . . . .
>
> (16) any conviction or adjudication for an offense that is comparable to a sexually violent crime as defined in this subsection, or any out-of-state conviction or

adjudication for an offense that under the laws of this state would be a sexually violent crime as defined in this subsection."

The stipulation of facts entered by the parties in this case merely stated that, because of the June 1994 conviction for first-degree sexual abuse in Missouri, Shaffer was required to register under KORA. But when two separate statutory provisions may require offender registration, we cannot presume that the State applied the provision that requires resolution of a constitutional challenge. See *Wilson v. Sebelius*, 276 Kan. 87, 91, 72 P.3d 553 (2003) ("Appellate courts generally avoid making unnecessary constitutional decisions. Thus, where there is a valid alternative ground for relief, an appellate court need not reach constitutional challenges to statutes."). On the other hand, we also cannot simply conclude that the State could have applied the other statutory provisions it suggests in its brief so that we can avoid reaching a constitutional issue. This is true especially if a criminal defendant might potentially raise other legal arguments based upon the State's reliance on the alternative statutory provisions.

In short, the record before the district court has not been developed to establish what statutory basis required Shaffer to register as a sex offender. He merely stipulated that he *was* required to do so because of the Missouri conviction. Based on the analysis in the State's appellate brief, if Shaffer had challenged SORNA in the district court, it is likely the State would have countered that Shaffer's offender registration requirements were based on the different statutory provisions noted above which did not rely on SORNA. In responding to the State, Shaffer certainly would have had the opportunity to raise other legal arguments in opposition to registration under the alternative statutory provisions. But because the issue was never raised by Shaffer in district court, the factual record was not developed to demonstrate that the constitutional challenge he raises in this appeal presents an actual case or controversy requiring judicial resolution. *State v. Montgomery*, 295 Kan. 837, 840, 286 P.3d 866 (2012) ("A justiciable controversy has definite and concrete issues between the parties and 'adverse legal interests that are

immediate, real, and amenable to conclusive relief.'" [Quoting *State ex rel. Morrison v. Sebelius*, 285 Kan. 875, 890-91, 179 P.3d 366 (2008)]). Because the stipulation is unclear as to the precise reason Shaffer was required to register under KORA, and no adequate record was developed on the issue before the district court, we decline to address the constitutional issue for the first time on appeal.

Additionally, since there appear to be alternative grounds for requiring Shaffer's registration under KORA, the constitutional challenges to SORNA he raises on this appeal appear to be moot. Even if the district court accepted Shaffer's entire argument—that SORNA required Shaffer to register as a sex offender in Missouri, which triggered his obligation to register under K.S.A. 2018 Supp. 22-4902(a)(4) of KORA—resolution of the issue would have no practical effect if Shaffer would also be required to register under other provisions of KORA, i.e., K.S.A. 2018 Supp. 22-4902(a)(1), (b)(1), and (c)(16). See *Montgomery*, 295 Kan. at 840 ("Subsequently, we phrased the test for mootness as being whether 'it is clearly and convincingly shown the actual controversy has ended, the only judgment that could be entered would be ineffectual for any purpose, and it would not impact any of parties' rights.'" [Quoting *McAlister v. City of Fairway*, 289 Kan. 391, 400, 212 P.3d 184 (2009)]).

Finally, and conclusively for this issue, even if we were somehow to conclude that Shaffer was only required to register for the 1994 Missouri conviction under K.S.A. 2018 Supp. 22-4902(a)(4) as he suggests, his constitutional challenge to SORNA fails. Since Shaffer has filed his brief in this case, the United States Supreme Court upheld SORNA from an attack on grounds that the act unconstitutionally delegates congressional authority. See *Gundy v. United States*, 588 U.S. ___, 139 S. Ct. 2116, 204 L. Ed. 2d 522 (2019).

> "[SORNA, 34 U.S.C.] § 20913(d) does not give the Attorney General anything like the 'unguided' and 'unchecked' authority that Gundy says. The provision, in Gundy's view,

'grants the Attorney General plenary power to determine SORNA's applicability to pre-Act offenders—to require them to register, or not, as she sees fit, and to change her policy for any reason and at any time.' If that were so, we would face a nondelegation question. But it is not. This Court has already interpreted § 20913(d) to say something different—to require the Attorney General to apply SORNA to all pre-Act offenders as soon as feasible. And revisiting that issue yet more fully today, we reach the same conclusion. The text, considered alongside its context, purpose, and history, makes clear that the Attorney General's discretion extends only to considering and addressing feasibility issues. Given that statutory meaning, Gundy's constitutional claim must fail. Section 20913(d)'s delegation falls well within permissible bounds. [Citations omitted.]" *Gundy*, 139 S. Ct. at 2123-24.

In short, for all of the above reasons Shaffer's challenge to the constitutionality of SORNA must fail.

*Did the State present sufficient evidence to support Shaffer's conviction?*

Shaffer's second contention on appeal is that the State failed to provide sufficient evidence to support his conviction for failing to report under KORA. When the sufficiency of the evidence is challenged in a criminal case, we examine the record in the light most favorable to the prevailing party, i.e., the State, and consider whether a reasonable person could conclude beyond a reasonable doubt that the defendant committed the charged offense. *State v. Fitzgerald*, 308 Kan. 659, 666, 423 P.3d 497 (2018).

In order to convict Shaffer of a violation of KORA, the State was required to prove three elements beyond a reasonable doubt: (1) Shaffer had been convicted of a crime that required him to register as an offender under KORA, (2) Shaffer failed to report to the Johnson County Sheriff quarterly as required, see K.S.A. 2018 Supp. 22-4905(b), and (3) the KORA violation occurred on or about April 2017 in Olathe, Kansas.

See *State v. Sayler*, 306 Kan. 1279, 1285, 404 P.3d 333 (2017) (citing the applicable jury instruction for a KORA violation).

As noted, Shaffer entered several stipulations of fact. Invited error or waiver principles preclude Shaffer from challenging the existence of those facts on appeal. See *State v. Weber*, 297 Kan. 805, 814, 304 P.3d 1262 (2013) (distinguishing between stipulation of fact, which bars later challenge to existence of that fact, and stipulation to legal effect of fact).

Shaffer stipulated that he was convicted of first-degree sexual abuse in Missouri in June 1994. He also stipulated that this conviction required him to register under KORA. Shaffer is not bound by his stipulation to the legal effect of the prior conviction as to his obligation to register under KORA. But, he is bound by his stipulation to the existence of the conviction. As previously discussed, the legal effect of Shaffer's 1994 conviction in Missouri is established by at least two separate provisions: K.S.A. 2018 Supp. 22-4902(a)(4) and K.S.A. 2018 Supp. 22-4902(a)(1), (b)(1), and (c)(16). Therefore, Shaffer's stipulation to the existence of the 1994 conviction for first-degree sexual abuse satisfies the first element.

Shaffer then stipulated that he listed a residential address in Olathe, Kansas, when he first registered, and had not registered a change of address (which would itself constitute a violation of KORA, if Shaffer no longer lived at that address). This stipulation satisfied the element of where Shaffer was required to register, i.e., with the Johnson County Sheriff, and the jurisdiction of the district court, i.e., Johnson County District Court.

Shaffer stipulated that he was obligated to report to the Johnson County Sheriff in January, April, July, and October 2017. Shaffer stipulated that he did not report during

the month of April, nor anytime thereafter until July 14, 2017. These stipulations establish the violation and the approximate date of the violation.

Accordingly, sufficient evidence was presented to the district court to support Shaffer's conviction. Contrary to Shaffer's argument on appeal, the State was not required to prove anything beyond the facts established by the stipulations of fact.

*Does KORA violate the Ex Post Facto prohibition of the United States Constitution?*

The final issue Shaffer raises on appeal challenges the application of the offender registration provisions of KORA as a violation of the constitutional prohibition against ex post facto punishment. This issue has been decided adversely to Shaffer by the Kansas Supreme Court, which has ruled that the offender registration requirements of KORA are not punitive so as to trigger the prohibition of the Ex Post Facto Clause of the United States Constitution. See *State v. Reed*, 306 Kan. 899, 904, 399 P.3d 865 (2017) ("We now explicitly extend the holding of [*State v.*] *Petersen-Beard*[, 304 Kan. 192, 377 P.3d 1127 (2016),] to apply to ex post facto challenges. Registration pursuant to KORA for sex offenders is not punishment."); *Petersen-Beard*, 304 Kan. at 196 ("[I]f KORA's lifetime sex offender registration requirement is punishment for either ex post facto or double jeopardy purposes, it must necessarily also be punishment for Eighth Amendment purposes. The reverse would likewise be true.").

Shaffer's argument is premised upon the conclusion that *Petersen-Beard* was wrongly decided. Even if we would assume this to be true, we lack the authority to overrule precedent established by the Kansas Supreme Court. We are duty bound to apply Kansas Supreme Court precedent absent some indication the court is departing from that precedent. See *McCullough v. Wilson*, 308 Kan. 1025, 1034, 426 P.3d 494 (2018); *Majors v. Hillebrand*, 51 Kan. App. 2d 625, 629-30, 349 P.3d 1283 (2015). The Kansas Supreme Court has provided no indication that a majority of the justices are inclined to

find that KORA constitutes punishment. See, e.g., *State v. Perez-Medina*, 310 Kan. 525, 539-40, 448 P.3d 446 (2019) (prohibition against judge-made findings to enhance penalty did not apply to registration requirements because KORA was not punitive); *State v. Rocheleau*, 307 Kan. 761, 766, 415 P.3d 422 (2018) (affirming *Petersen-Beard*'s rejection of ex post facto challenge to KORA).

Shaffer has adequately preserved this issue and is free to seek review by the Kansas Supreme Court and urge it to change its prior holdings. But since we rely on the binding precedent, we cannot grant the relief he seeks.

Affirmed.