NOT DESIGNATED FOR PUBLICATION

No. 124,539

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

KEVIN T. DAVIS,
*Appellant.*


MEMORANDUM OPINION

Appeal from Sedgwick District Court; FAITH A.J. MAUGHAN and JEFFERY E. GOERING, judges. Opinion filed September 2, 2022. Appeal dismissed.

*Kevin T. Davis*, appellant pro se.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GARDNER, P.J., MALONE and CLINE, JJ.


PER CURIAM: Kevin T. Davis appeals from the district court's denial of his pro se motion asking to be released from the extradition costs he owes in criminal case No. 12 CR 681. Finding that we lack jurisdiction to review his court costs, we dismiss this appeal.

After a bench trial in February 2015, Davis was convicted of two counts of aggravated indecent liberties with a child. The district court sentenced Davis to two consecutive terms of 25 years to life. At sentencing, the district court also ordered Davis

1

to pay court costs, a booking/fingerprint fee, BIDS application fee, witness fees, DNA database fee, and extradition costs.

Davis filed a direct appeal arguing: (1) insufficient evidence supported his convictions; (2) the district court lacked jurisdiction because of improper service of summons; and (3) the district court abused its discretion by failing to conduct a *Franks* hearing for his challenge to the validity of the probable cause affidavit. A panel of this court affirmed Davis' convictions. *State v. Davis*, No. 114,860, 2018 WL 1770207 (Kan. App. 2018) (unpublished opinion).

Davis' direct appeal did not challenge the district court's order to pay court costs—including the BIDS application fee and the extradition fee. We note that the imposition of court costs is mandatory. K.S.A. 22-3801(a) provides: "If the defendant in a criminal case is convicted, the court costs shall be taxed against the defendant and shall be a judgment against the defendant which may be enforced as judgments for payment of money in civil cases." And K.S.A. 22-3803 provides in pertinent part: "At the conclusion of each criminal case the court shall tax the costs against the party responsible for payment and shall cause to be delivered to such responsible party a complete statement of the costs, specifying each item of service and the fee assessed for such service."

So upon conviction, a defendant is liable for costs made in both prosecution and defense of case, and those costs include extradition costs. K.S.A. 22-3801(a); *State v. Alvarez*, 309 Kan. 203, 205, 432 P.3d 1015 (2019); *State v. Garrett*, 14 Kan. App. 2d 8, 9, 780 P.2d 168 (1989) (court costs include extradition costs). Extradition costs are not an additional penalty, but instead are properly ordered as mandatory costs to be paid by the convicted defendant to allocate the expenses of the criminal case. 14 Kan. App. 2d at 9. A court must assess extradition costs against a convicted defendant, and it has no discretion to relieve the defendant of liability. K.S.A. 22-2724; K.S.A. 22-3801(a); *State v. Dean*, 12 Kan. App. 2d 321, Syl. ¶ 2, 743 P.2d 98 (1987) (extradition costs are not an additional

2

penalty but are properly chargeable to convicted defendant to allocate expenses incurred in prosecution).

Yet Davis did not comply with the district court's order to pay court costs and fees. So in February 2020, after years of nonpayment by Davis, the district court referred the matter to a collection firm. The collection firm informed Davis of his outstanding debt of $3,540.54 and asked him to pay it in full or contact them to make payment arrangements.

In response, Davis filed a pro se motion in his criminal case entitled "DEFENDANT/DEBTOR—MOTION TO BE RELEASED FROM THE JUDGMENT OF THE EXTRADICTION [*SIC*] COST/IN THE ALTERNATIVE FIND THAT MR. DAVIS DOES NOT OWE A THIRD-PARTY INTERVENER [*SIC*]." Davis' motion argued that the district court abused its discretion by ordering him to pay extradition costs and by retaining a third-party intervenor to collect the debt.

The district court held a telephone conference on the motion, then ruled by issuing a journal entry the next day denying Davis' motion:

> "The judgment due for court costs, fines and fees [became] due and payable at the time of sentencing. The costs related to extradition are court costs incurred in this cost and are part of the judgment. The time to appeal the judgment has expired and further that the Request for Admission of Fact under KSA 61-3101 [is] untimely inasmuch as it relates to a pending action. The Court, under KSA 20-169(a), has authority to contract with a collection agency to collect debts owed to the Court. The Defendant's Motion is denied."

Davis timely appeals.

On appeal, Davis argues the district court erred by denying his motion for release from the judgment for the BIDS application fee and the extradition costs. Although his

brief is difficult to understand, Davis appears to assert that he should be relieved of his obligation to pay court costs because he is disabled and unable to work.

Davis challenges the district court's order imposing court costs—including the BIDS application fee and the extradition costs—in his criminal case. But the right to appeal is purely statutory. Under K.S.A. 2021 Supp. 22-3608(c), a defendant has only 14 days to appeal a judgment of a district court. And an appellate court has no jurisdiction to entertain an appeal by a defendant in a criminal case unless the defendant appeals within the time prescribed by statute. *State v. Rocheleau*, 307 Kan. 761, 764, 415 P.3d 422 (2018); *State v. Ehrlich*, 286 Kan. 923, 925, 189 P.3d 491 (2008).

The district court correctly found that the appropriate time for Davis to challenge the court costs and fees was within 14 days after the court ordered the costs and fees. See K.S.A. 2021 Supp. 22-3608(c); see *State v. Inkelaar*, 38 Kan. App. 2d 312, Syl. ¶ 3, 164 P.3d 844 (2007) (appeal from assessment of fees must be within statutory timeframe); *State v. Cooley*, No. 123,463, 2021 WL 6140386 (Kan. App. 2021) (unpublished opinion) (improper assessment of fees is not an illegal sentence that may be raised at any time; appeal must be brought within 14 days of court order imposing fees). Davis cannot challenge the order of costs and fees now.

Davis filed a timely direct appeal, but he failed to include in it any argument about the BIDS application fee or the court costs. When a party appeals a district court's order, the judgment of the appellate court is res judicata as to all issues raised, and any issues that could have been raised are considered waived. *State v. Salary*, 309 Kan. 479, 482, 437 P.3d 953 (2019). By not raising in his direct appeal the issue of costs and fees, although he could have done so, Davis waived a later challenge to them.

We thus lack jurisdiction to consider whether the district court erred in ordering Davis to pay the BIDS application fee and his extradition costs. He failed to raise the

4

issue in his direct appeal, and any challenge to costs and fees had to be made within 14 days after the district court ordered the payment of the costs. Because Davis has failed to raise the issues in a way that invokes our jurisdiction, we dismiss his appeal.

Appeal dismissed.