NOT DESIGNATED FOR PUBLICATION

No. 127,328

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

GREGORY SHEARER,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN M. SMITH, judge. Submitted without oral argument. Opinion filed September 5, 2025. Convictions affirmed, sentence vacated, and case remanded with directions.

*Gregory Shearer*, appellant pro se.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before SCHROEDER, P.J., HILL and GARDNER, JJ.

PER CURIAM: Gregory Shearer appeals his convictions and sentence after pleading guilty to rape and aggravated criminal sodomy. He raises several constitutional claims and argues that the State breached the terms of the parties' plea agreement. The State disputes Shearer's claims but acknowledges that a sentencing error occurred and asks us to remand for additional proceedings. We dismiss Shearer's constitutional claims as unpreserved and find no breach of the plea agreement, but we remand an unresolved sentencing matter to the district court for further consideration.

1

Gregory Shearer entered a no-contest plea in April 2023, to single charges of rape and aggravated criminal sodomy for acts committed between July 2017 and July 2019 against his then girlfriend's child. His plea agreement with the State provided that at sentencing, the State would recommend the high number of months in the applicable Kansas Sentencing Guidelines grid box for each offense, amounting to a consecutive term of 330 months of imprisonment. The plea agreement authorized Shearer to request the middle number of months in the relevant grid box for each offense, which would result in 310 months of imprisonment. The agreement also stated that both parties would ask the district court to order "the Presentence Investigation be performed by Larned [State Hospital] and . . . agree to follow Larned's recommendations regarding placement of the Defendant for the serving of his prison sentence."

At the plea hearing, the State recited the terms of the plea agreement, including the agreement to ask for a presentence investigation (PSI) performed by Larned and to recommend a sentence consistent with the recommendations made by Larned. The district court accepted Shearer's plea and found him guilty of rape and aggravated criminal sodomy. The district court noted that it would need the Larned PSI for sentencing:

> "I'm ordering your presentence investigation and an LSI-R be [prepared] pursuant to the plea. I am ordering that Larned State Hospital perform the PSI and the LSI-R. I am encouraging you to be forthright in that process, since I will need those reports for your sentencing."

Before sentencing, Shearer moved for a downward departure to lifetime probation, contrary to the terms of his plea agreement. About a month later, Shearer filed a pro se motion alleging that the State had breached the terms of the plea agreement because the

2

prosecutor improperly referenced the victim's age during the plea hearing. He claimed that the prosecutor's statement implied that an off-grid, hard 25 sentence could be imposed for each of his crimes. He requested a reduced sentence of 5 years' probation, anger management, 60 days of jail served over a span of 5 years, and a $5,000 fine.

The district court addressed these two motions at the sentencing hearing. As for Shearer's claim that the State had breached the plea agreement, the State countered that the victim's age was not an element of Shearer's offenses. The district court denied the motion as meritless.

Then proceeding with other sentencing matters, the district court noted that it had received a PSI. The record shows that it was not completed by Larned. Based on the information in the report, the district court found that Shearer's criminal history score was I. He had only one previous offense, an out-of-state misdemeanor. Shearer admitted the accuracy of the report, including his criminal history score, and agreed that the district court could proceed with sentencing.

The State then responded to Shearer's pro se motion for a downward departure. It emphasized that under the plea agreement, Shearer had agreed to limit any request for a departure to the middle number of months of imprisonment in the applicable sentencing grid box. The State asked the district court to impose a sentence consistent with the plea agreement.

The district court denied Shearer's motion for a departure, finding no substantial or compelling reason to depart from the presumptive sentence. It sentenced Shearer to the mid-range length of presumptive imprisonment for each offense and ordered Shearer to serve his sentences consecutively for a total of 310 months in prison. The district court also ordered Shearer to serve lifetime postrelease supervision.

The court then asked the parties whether any other matters needed to be addressed, and Shearer responded: "What about the Larned PSI?" The district court was not familiar with that process and asked the State to explain. The State responded that a Larned PSI holds in abeyance the sentencing process while the defendant is sent to Larned for evaluation. Then Larned would direct the court to place the defendant either in the Kansas Department of Corrections (DOC) or at Larned to serve his sentence. The State volunteered to "do a Larned PSI order" at the district court's direction. The district court directed the State to do so and ordered Shearer to be transferred to Larned for the evaluation.

In the final journal entry, the district court again ordered a Larned PSI to determine Shearer's placement. Still, the sheriff's office notified the district court that Shearer was transported to "RDU" on August 28, 2023. We understand RDU to be the DOC's Reception and Diagnostic Unit, in Admissions. The record does not reflect that Shearer was transferred to Larned or that Larned did a PSI or a mental evaluation for him.

Shearer timely appealed and the district court appointed him counsel, but Shearer moved twice to dismiss his appointed counsel and to proceed pro se. The district court appointed Shearer a new attorney before considering the motions and later denied the motions as moot. Shearer's newly appointed appellate counsel filed an amended notice of appeal for Shearer on February 14, 2024, appealing "all adverse rulings and judgments."

Two days after filing his amended notice of appeal, Shearer moved pro se for a jury trial and other relief, citing K.S.A. 60-1507 as authority for the motion. He argued that the State had violated the plea agreement by failing to properly request a Larned PSI before sentencing. Shearer requested several forms of relief based on this alleged breach, including reversal of his conviction, withdrawal of his plea, and release from custody.

4

On February 28, the district court found that it lacked jurisdiction to consider the motion because Shearer had perfected an appeal on February 14. The district court thus dismissed Shearer's claim. Shearer did not file a separate or amended notice of appeal after the district court's dismissal, but Shearer timely appeals his convictions and sentence. He prepared his own appellate brief.

I. THIS COURT LACKS JURISDICTION TO REVIEW SHEARER'S FIRST APPELLATE CLAIM.

In his first claim on appeal, Shearer argues that the State violated several of his rights involving speedy trial, excessive bail, and unreasonable search and seizure. The State correctly counters that we lack jurisdiction to review these arguments because of Shearer's no-contest plea.

*Standard of Review and Basic Legal Principles*

The right to appeal is statutory and is not contained in the United States or Kansas Constitutions. *State v. Rocheleau*, 307 Kan. 761, 763, 415 P.3d 422 (2018). The Kansas Constitution states that the Kansas Supreme Court "shall have . . . such appellate jurisdiction as may be provided by law." Kan. Const., art. 3, § 3. With limited exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. *State v. Clark*, 313 Kan. 556, 561, 486 P.3d 591 (2021). Whether jurisdiction exists is a question of law, subject to unlimited appellate review. *State v. Hillard*, 315 Kan. 732, 775, 511 P.3d 883 (2022).

K.S.A. 22-3602(a) broadly prohibits appeals stemming from guilty or no-contest pleas: "No appeal shall be taken by the defendant from a judgment of conviction before a district judge upon a plea of guilty or nolo contendere." Our Supreme Court has interpreted this as "an explicit statutory rule prohibiting appellate review of a conviction." *State v. Smith*, 311 Kan. 109, 121, 456 P.3d 1004 (2020).

5

Shearer's first issue on appeal, contending that the State violated several of his constitutional rights, challenges his convictions. He claims that delays, the amount set as his bail, and an unreasonable search and seizure of his phones essentially forced him to forgo trial and enter a plea. As the State correctly notes, this is Shearer's direct appeal. Under the plain language of K.S.A. 22-3602(a), we lack jurisdiction to consider the portion of Shearer's appeal challenging his convictions. See K.S.A. 22-3602(a); cf. *State v. Martin*, No. 127,385, 2024 WL 4647686, at *2-3 (Kan. App. 2024) (unpublished opinion) (dismissing similar argument based on statute's plain meaning following defendant's no-contest plea).

A defendant is generally precluded from appealing a conviction without first moving the district court to withdraw their plea. See *State v. Solomon*, 257 Kan. 212, Syl. ¶ 1, 891 P.2d 407 (1995). Does Shearer fall within this exception? After Shearer filed his amended notice of appeal in February 2024, he filed a pro se "[K.S.A.] 60-1507" motion in the district court, and one of his requests for relief was to withdraw his plea. Shearer argued that the State had breached the plea agreement by failing to follow the provision related to the Larned PSI. Still, his K.S.A. 60-1507 motion did not raise any of the constitutional arguments that he raises here. Those arguments are thus unpreserved.

And the district court found that it lacked jurisdiction to review Shearer's motion because he had appealed, so it did not address the merits of his claim. Shearer did not appeal that dismissal, so we have no authority to review the claim. See *State v. Robertson*, 309 Kan. 602, 604, 439 P.3d 898 (2019) (if the district court lacked jurisdiction to enter an order, an appellate court does not acquire jurisdiction over the subject matter on appeal); *Mundy v. State*, 307 Kan. 280, 291, 408 P.3d 965 (2018) (appellate court obtains jurisdiction over the rulings identified in the notice of appeal); see also *State v. Thomas*, 307 Kan. 733, 749, 415 P.3d 430 (2018) ("Once the case is appealed and the appeal is docketed, the district court loses jurisdiction.").

Shearer also contends that reversal of his convictions is required because he entered his plea under duress to avoid certain consequences. But Shearer acknowledged in the plea agreement that he entered his plea voluntarily, knowingly, and understandingly, and he did not argue in the district court that he had entered his plea involuntarily. Shearer's arguments are thus unpreserved. His contention that reversal is required because he entered his plea under duress to avoid certain consequences also lacks basic legal support. See, e.g., *Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S. Ct. 663, 54 L. Ed. 2d 604 (1978) ("Indeed, acceptance of the basic legitimacy of plea bargaining necessarily implies rejection of any notion that a guilty plea is involuntary in a constitutional sense simply because it is the end result of the bargaining process."). We thus dismiss Shearer's claims of speedy trial, excessive bail, and unreasonable search and seizure violations as unpreserved and without jurisdiction.

## II. THE STATE DID NOT VIOLATE THE PLEA AGREEMENT.

Shearer next claims that the State breached the plea agreement by not ensuring that the district court sentenced him according to a PSI performed by Larned. Shearer argues that this resulted in a violation of his due process rights and his convictions must be reversed.

The State counters that this issue is unpreserved and should be dismissed because Shearer did not adequately object to the State's actions in the district court. The State alternatively contends that it did not breach the plea agreement because the prosecutor accurately recited its terms at the plea and sentencing hearings. Still, the State concedes that a Larned PSI was not completed and it contends that Shearer's sentence is ambiguous and thus illegal. Finally, the State asks this court to address the illegality of Shearer's sentence by remanding the matter of Shearer's placement to the district court for additional consideration.

*Preservation*

We first address the State's claim that Shearer did not adequately object to the State's actions in the district court, so he cannot raise the issue now. Generally, issues not raised before the district court cannot be raised for the first time on appeal. *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022).

Shearer contends that he raised this issue before the district court at sentencing. As the district court was concluding the sentencing hearing, it asked whether any other matters needed to be addressed. Shearer responded: "What about the Larned PSI?" The district court was not familiar with the process that Shearer was referring to and asked the State to explain. The State responded that a Larned PSI "sort of holds in abeyance the sentencing process. The defendant is sent to Larned for evaluation. Then Larned would direct the Court either [to place] the defendant . . . within [the Kansas Department of Corrections] or . . . at Larned to serve his sentence." The State then volunteered to "do a Larned PSI order" at the district court's direction. The district court directed the State to prepare the "necessary order for Mr. Shearer to be transferred to Larned so they can evaluate whether he needs to serve his time at Larned or serve his time with the Kansas Department of Corrections."

Reading the record in the light most favorable to Shearer, we agree that by asking about the PSI at the sentencing hearing, he sufficiently objected to the matter to allow appellate review. Shearer pointed out the error related to the Larned PSI at his sentencing hearing by inquiring about it generally. This gave the district court the opportunity to consider the propriety of sentencing Shearer without a Larned PSI. And at that time, when the State was acting to comply with the plea agreement, any allegation of a breach of the Larned clause would have been premature or unripe. Later, when Shearer filed his pro se "[K.S.A.] 60-1507" motion in the district court, he argued that the State had

8

breached the plea agreement by failing to follow the provision related to the Larned PSI. We thus find this issue sufficiently preserved for our review.

*Standard of Review*

The Kansas Supreme Court has explained the State's duty to fulfill its obligations under a plea agreement: "'"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled."'" *State v. Liles*, 313 Kan. 772, 783, 490 P.3d 1206 (2021). Whether the State breached a plea agreement presents a question of law over which appellate courts have unlimited review. *State v. Jones*, 302 Kan. 111, 116, 351 P.3d 1228 (2015).

When reviewing whether a plea agreement was breached, Kansas appellate courts consider principles from contract law. An "'application of fundamental contract principles is generally the best means to fair enforcement of a plea agreement, as long as courts remain mindful that the constitutional implications of the plea bargaining process may require a different analysis in some circumstances.'" *State v. Frazier*, 311 Kan. 378, 382, 461 P.3d 43 (2020). "Kansas courts have recognized that contracts, with the exception of at-will employment agreements, contain implied covenants of good faith and fair dealing." *State v. Urista*, 296 Kan. 576, 583, 293 P.3d 738 (2013). "'If the State fails to fulfill a promise it made in a plea agreement, the defendant is denied due process. This is true even if the record indicates that the district court's sentencing decision was not influenced by the State's actions at sentencing.'" *Liles*, 313 Kan. at 783.

*Discussion*

The relevant provision of his plea agreement that Shearer alleges the State breached states: "Both Parties will request the Court order the Presentence Investigation

9

be performed by Larned and both Parties agree to follow Larned's recommendations regarding placement of the Defendant for the serving of his prison sentence." Shearer argues that the State did not adequately follow this provision and thus breached the plea agreement.

The State counters that it accurately informed the district court of the terms of the plea agreement at the plea hearing and the sentencing hearing, including the provision challenged in this appeal; it volunteered to prepare an order for a Larned PSI at the sentencing hearing; and it complied with this voluntary duty after the hearing. Although the State also acknowledges that a Larned PSI was seemingly never prepared, nothing in the record suggests that the State caused that default.

Shearer cites no authority for his suggestion that the State was required to ensure that a Larned PSI was completed before sentencing. At the plea hearing, the district court explained that Shearer had or at least shared the duty of ensuring the completion of the PSI and "encourage[d] [Shearer] to be forthright in that process." And the plea agreement simply required the State to request a PSI by Larned and to agree to Larned's recommendations. The State did the former and the latter has not yet occurred, through no apparent fault of the State.

Although the district court never considered a PSI from Larned, the State sufficiently performed its duties related to the PSI. The prosecutor accurately recited the plea agreement at the plea and sentencing hearings. At the plea hearing, the prosecutor stated that "[b]oth parties request that the Court order the presentence investigation be performed by Larned, and both parties agree to follow Larned's recommendation, regarding placement of the defendant for the serving of his prison sentence." The prosecutor made a similar statement at the sentencing hearing, explaining that the parties agreed to "a Larned presentence investigation if the Court permits it." The State also

10

prepared and filed orders for the Larned PSI at the district court's direction. Viewing the record as a whole, we find no breach of the plea agreement.

III. THE DISTRICT COURT ILLEGALLY SENTENCED SHEARER.

Shearer next contends that the district court denied him due process by not sentencing him under the PSI report by Larned. The State asserts that the district court issued an ambiguous sentence, which is illegal under K.S.A. 22-3504, and it concedes that Shearer's sentence should be revisited.

Shearer's claim that his sentencing violated his due process rights was not voiced to the district court and we will not consider this constitutional claim for the first time on appeal. See *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015). Still, we can determine whether he was illegally sentenced under K.S.A. 22-3504.

The State correctly notes that under K.S.A. 22-3504(a), this court has the power to correct an illegal sentence at any time that the defendant is serving such a sentence. See *State v. Jacobson*, 319 Kan. 70, 72, 552 P.3d 1239 (2024).

> "Our courts interpret this to include an appellate court's *sua sponte* consideration of an illegal sentence. See, e.g., *State v. Rogers*, 297 Kan. 83, 93, 298 P.3d 325 (2013). Thus, [the defendant's] failure to raise this issue below or to comply with Rule 6.02(a)(5) on this particular argument does not preclude consideration of the issue." *State v. Redmon*, No. 113,145, 2016 WL 5344034, at *7 (Kan. App. 2016) (unpublished opinion).

"An illegal sentence may be corrected at any time and can be corrected on the court's own motion. See K.S.A. 22-3504(1)." *State v. Stuck*, No. 69,956, 1993 WL 13966241, at *1 (Kan. App. 1993) (unpublished opinion).

11

But not every problem in sentencing produces an illegal sentence.

"K.S.A. 22-3504 allows a court to correct an illegal sentence in only specifically defined and narrow circumstances. This limitation flows from the statute's definition of 'illegal sentence,' which is a sentence that is '[i]mposed by a court without jurisdiction,' 'does not conform to the applicable statutory provision, either in character or punishment,' or 'is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced.' K.S.A. 22-3504(c)(1)." *State v. Brown*, 320 Kan. 426, 429-30, 569 P.3d 909 (2025).

When sentencing Shearer, the district court made conflicting orders as to where Shearer's placement was to be. The district court twice ordered a PSI from Larned to determine Shearer's placement, consistent with K.S.A. 22-3429. One order was made long before sentencing, the other, after sentencing. Neither order was apparently followed, but that problem is not one for us to resolve.

During the sentencing hearing, the court relied on the non-Larned PSI, imposed a sentence of 155 months in the DOC on each of the two counts, imposed the sentences consecutively, informed Shearer of his duty to register, and imposed lifetime postrelease supervision for each count. Only after pronouncing that sentence did the court revisit the Larned issue, on Shearer's inquiry. The district court then ordered Shearer to be "committed" to Larned for a mental evaluation and PSI. The district court thus pronounced inconsistent sentences—one for Shearer to serve 310 months in DOC, and another for Shearer to be transferred to Larned for a K.S.A. 22-3429 evaluation and PSI.

After the sentencing hearing, the State prepared the order under K.S.A. 22-3429 as directed. But the next day, the district court filed a minute sheet indicating that sentencing was complete, directing the State to prepare a final journal entry. In that final journal entry of judgment and sentencing, the district court again ordered a Larned PSI for purposes of determining Shearer's placement. But that order was apparently never

12

followed, so the court never obtained nor considered Larned's recommendations. Shearer was taken to the DOC with no evaluation from Larned.

The court's order of a PSI from Larned to determine Shearer's placement, consistent with K.S.A. 22-3429, was made immediately *after* the court imposed a prison sentence on Shearer. Yet K.S.A. 22-3429 allows a court to commit a defendant for a mental evaluation and report only *before* a sentence:

> "After conviction and prior to sentence and as part of the . . . presentence investigation report as provided in K.S.A. 21-6813, and amendments thereto, the trial judge may order the defendant committed to the state security hospital for mental examination, evaluation and report." K.S.A. 22-3429.

By ordering the State to prepare a Larned order after Shearer's sentence, the district court violated K.S.A. 22-3429.

Ordering a K.S.A. 22-3429 mental examination and report after ordering the defendant to prison defeats that statute's purpose, as such a report lays the ground for a defendant to receive psychiatric care in lieu of imprisonment.

> "Then, if the report of the examination . . . shows
> 'the defendant is in need of psychiatric care and treatment, that such treatment may materially aid in the defendant's rehabilitation and that the defendant and society are not likely to be endangered by permitting the defendant to receive such psychiatric care and treatment, in lieu of confinement or imprisonment, the trial judge shall have power to commit such defendant to: (1) The state security hospital or any county institution provided for the reception, care, treatment and maintenance of mentally ill persons, if the defendant is convicted of a felony.' K.S.A. 22-3430." *State v. Zongker*, 319 Kan. 411, 435, 555 P.3d 698 (2024).

13

The district court's order at sentencing to transport Shearer to Larned for a mental evaluation and PSI thus does not conform to the applicable statutory provision, which allows a court to send a defendant for a mental evaluation and report "[a]fter conviction and prior to sentence." K.S.A. 22-3429. To that extent, Shearer's sentence is illegal.

We find Shearer's sentence is illegal and thus vacate his sentence and remand the case for Shearer to be sent to Larned for a PSI evaluation per K.S.A. 22-3429 before resentencing. We dismiss Shearer's remaining claims as unpreserved and for lack of appellate jurisdiction.

Convictions affirmed, sentence vacated, and case remanded with directions.