No. 96,797

STATE OF KANSAS, *Appellee*, v. ROBERT L. EHRLICH, *Appellant*.

(189 P.3d 491)

Opinion filed August 8, 2008.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, argued the cause and was on the petition for review for appellant.

Appellee waived oral argument.

The opinion of the court was delivered by

ROSEN, J.: Robert L. Ehrlich seeks review of that portion of the decision by our Court of Appeals in *State v. Ehrlich*, No. 96,797, unpublished opinion filed June 15, 2007, dismissing his challenge

to the imposition of Board of Indigents' Defense Services (BIDS) attorney fees pursuant to K.S.A. 22-4513.

Ehrlich pled guilty to one count of possession of marijuana, and on August 19, 2003, the district court sentenced Ehrlich to probation for 12 months, with an underlying term of 11 months of incarceration. The court also ordered Ehrlich to reimburse BIDS for attorney fees and the $50 application fee. The district court did not consider on the record Ehrlich's financial resources or the burden that would be imposed by payment as required by K.S.A. 22-4513.

On January 12, 2006, the district court revoked his probation based on stipulated violations and ordered him to serve his underlying sentence. On January 23, 2006, Ehrlich filed a notice of appeal, which referred only to the district court's order revoking his probation.

The Court of Appeals affirmed the revocation of Ehrlich's probation and dismissed his challenge to the BIDS fees for lack of jurisdiction, reasoning that Ehrlich's appeal as to the BIDS issue was untimely because the notice of appeal was filed later than 10 days from August 19, 2003, his original sentencing date. *Ehrlich*, slip op. at 2-3. We granted Ehrlich's petition for review as to the BIDS attorney fees issue only.

Ehrlich contends the Court of Appeals erred in dismissing his challenge to the BIDS attorney fees. He asks us to reverse that portion of the district court's judgment ordering him to pay the BIDS attorney fees because the district court failed to consider his financial resources or the burden that would be imposed by payment. This issue was resolved by our decision in *State v. Robinson*, 281 Kan. 538, Syl. ¶ 1, 132 P.3d 934 (2006), in which we held that the sentencing court must consider on the record the financial resources of the defendant before imposing BIDS attorney fees. In order to address this issue, however, we must have subject-matter jurisdiction.

Whether jurisdiction exists is a question of law subject to unlimited appellate review. *State v. Huff*, 278 Kan. 214, 217, 92 P.3d 604 (2004). The right to appeal is purely a statutory right; no appellate review is required by the United States Constitution or the

Kansas Constitution. It is the established rule in this state that an appellate court has no jurisdiction to entertain an appeal by a defendant in a criminal case unless the defendant appeals within the time prescribed by the statutes providing for such an appeal. *State v. Legero*, 278 Kan. 109, Syl. ¶ 2, 91 P.3d 1216 (2004). Pursuant to Article 3, § 3, of the Kansas Constitution, the Supreme Court has only such appellate jurisdiction as is conferred by statute, and when the record discloses a lack of jurisdiction, it is the duty of the Supreme Court to dismiss the appeal. *State v. Flynn*, 274 Kan. 473, 477, 55 P.3d 324 (2002).

Under K.S.A. 22-3608(c), a defendant has 10 days from the date a judgment is orally pronounced from the bench to file a notice of appeal. See *State v. Phinney*, 280 Kan. 394, 400, 122 P.3d 356 (2005). The Court of Appeals found that Ehrlich had 10 days from August 19, 2003, his original sentencing date, in which to file his notice of appeal. The record on appeal contains only one notice of appeal, filed after revocation of probation on January 23, 2006, which was more than 2 years beyond the prescribed time limitation.

The filing of a timely notice of appeal is jurisdictional, and if the appeal is not taken within the 10-day period fixed by statute, it must be dismissed. *Phinney*, 28 Kan. at 400.

"A limited exception to the general rule requiring a timely notice of appeal from sentencing is recognized in the interest of fundamental fairness only in those cases where an indigent defendant was either: (1) not informed of the rights to appeal; (2) was not furnished an attorney to perfect an appeal; or (3) was furnished with an attorney for that purpose who failed to perfect and complete an appeal." *Phinney*, 280 Kan. at 401 (citing *State v. Ortiz*, 230 Kan. 733, 735-36, 640 P.2d 1255 [1982]).

Ehrlich does not raise a fundamental fairness claim or assert that any of these exceptions apply to the case at hand. In addition, the district court's failure to properly assess BIDS fees does not constitute an illegal sentence which can be corrected at any time pursuant to K.S.A. 22-3504; furthermore, the assessment of attorney fees is not part of the sentence. *Robinson*, 281 Kan. at 546-47.

Ehrlich contends, however, that K.S.A. 22-3716(b) provides jurisdiction in this case. K.S.A. 22-3716(b) states in relevant part that

upon a finding that the defendant has violated the terms of probation, the district court "may require the defendant to serve the sentence imposed, *or any lesser sentence.*" (Emphasis added.) Ehrlich argues that since the district court had jurisdiction to impose a new sentence following his probation revocation, the original sentence, including the order to pay BIDS attorney fees, was subject to challenge on appeal.

K.S.A. 22-3716(b) does not, however, authorize the district court to impose an entirely new sentence. It instead allows a downward modification of the original sentence. The district court may not increase the term of incarceration of the underlying sentence after probation is revoked, and Ehrlich therefore possessed all the information necessary to determine whether an appealable issue relating to the BIDS attorney fees existed when the court originally imposed them by its judgment (order of assessment) on August 19, 2003. The time to appeal the BIDS attorney fees expired 10 days after the imposition of the fees at sentencing.

We lack jurisdiction to consider whether the district court erred in ordering Ehrlich to pay BIDS attorney fees without first considering his financial resources or the burden that such fees would impose. He failed to take a timely appeal from that judgment. He also failed to refer to the original sentence or the judgment imposing the BIDS attorney fees in his only notice of appeal. See *Huff*, 278 Kan. at 217 (appellate courts obtain jurisdiction only over rulings identified in notice of appeal).

Ehrlich has failed to raise the issue of BIDS attorney fees in such a way as to invoke appellate jurisdiction. The Court of Appeals correctly concluded that it was without jurisdiction to consider the imposition of BIDS attorney fees.

Judgment of the Court of Appeals is affirmed as to the sole issue for which review was granted.