NOT DESIGNATED FOR PUBLICATION

No. 112,306

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LIONEL SMITH,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed October 30, 2015. Affirmed in part and dismissed in part.

*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., STANDRIDGE, J., and BURGESS, S.J.

*Per Curiam*: Lionel Smith appeals from the district court's order revoking his probation and its order that he serve the underlying prison sentence from Sedgwick County case 13-CR-771. First, he argues that the district court abused its discretion when it revoked his probation and imposed the underlying sentence. Smith also argues that the original sentencing court violated his Sixth and Fourteenth Amendment rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), when it calculated the underlying sentence using his prior criminal history without requiring the

1

State to first prove it to a jury beyond a reasonable doubt. Finding no error, we affirm the court's decision to revoke Smith's probation.

FACTS

Smith was charged with three counts of attempted aggravated burglary and two counts of misdemeanor stalking in 2013. He agreed to plead guilty to all five counts as part of a plea agreement with the State. In exchange for his guilty pleas, the State agreed to recommend the middle number in the appropriate sentencing grid for the three attempted aggravated burglary convictions and to recommend 12 months in jail for the stalking convictions. The State also agreed to recommend that the aggravated burglary sentences should run consecutive to each other but concurrent to the stalking sentences. The agreement allowed the State to recommend that the sentencing court impose the prison sentence, but it also allowed Smith to seek any alternative disposition.

Before sentencing, Smith filed a motion seeking a durational or dispositional departure. At the December 6, 2013, sentencing hearing, the State asked the court to impose the prison sentence. The district court ultimately granted Smith's request for dispositional departure and imposed a 24-month period of probation with a controlling prison sentence of 53 months followed by 12 months of postrelease supervision.

At around 3:30 a.m. on April 6, 2014, Officer Brandon Faulkner responded to a call to check on the welfare of some unattended children at an apartment located on South Hydraulic in Wichita. When Faulkner arrived, the door to the apartment was cracked open. Faulkner entered the apartment and found four small children sleeping in a bedroom. The children were between the ages of 1 and 4 years old. Sometime after Faulkner entered the apartment, Smith and a woman knocked on the door and came inside. Officer Lee Froese ultimately arrested Smith around 3:55 a.m. After Officer Froese advised Smith of his *Miranda* rights, Smith admitted that he was supposed to be

2

watching the kids but left the apartment in an attempt to address a disturbance that had arisen at another residence.

A probation violation warrant was issued on April 11, 2014. The warrant alleged Smith committed the offenses of child abuse and endangering a child, which violated the terms of his probation that required him to obey the laws of the United States, Kansas, and any other jurisdiction to which he may have been subject. The warrant also alleged that Smith violated the 10 p.m. curfew imposed on him during his probation.

The district court held a probation revocation hearing on July 18, 2014. At the beginning of the hearing, the State withdrew the child abuse allegation and Smith admitted to breaking curfew. The parties proceeded with an evidentiary hearing on the child endangerment allegation. Officer Faulkner testified that the front door to the apartment in which the children were found was cracked open when he arrived. He also said that the apartment was located in an area that was a "hotspot of crime." Additionally, the State presented evidence that Smith had been away from the apartment for at least 45 minutes. Based on these facts, the district court found that Smith violated his probation by committing the offense of child endangerment.

After finding Smith had violated two conditions of his probation, the district court revoked his probation. After the district court announced its decision, Smith asked if he could be placed in a residential program. But Smith's probation officer informed the district court that Smith was not eligible for such a program. Accordingly, the district court imposed Smith's controlling prison sentence.

ANALYSIS

*Probation revocation*

Unless required by law, probation is a privilege and not a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Once the court finds that there has been a violation of the conditions of probation, "the decision to revoke probation rests in the sound discretion of the district court." *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). Therefore, after a probation violation has been established, this court reviews a district court's decision to revoke a defendant's probation for abuse of discretion. 281 Kan. at 1170.

> "Judicial discretion is abused if judicial action (1) is arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, *i.e.*, if the discretion is guided by an erroneous legal conclusion; or (3) is based on an error of fact, *i.e.*, if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based. [Citation omitted.]" *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012).

Further, "it is an abuse of discretion to refuse to exercise discretion or fail to appreciate the existence of the discretion to be exercised." *State v. Horton*, 292 Kan. 437, 440, 254 P.3d 1264 (2011).

Smith first argues the comments made by the district court judge implied that the court believed it did not have the discretion to impose alternative sanctions such as residential treatment, increased probation terms, or a lesser prison sentence. But the record does not support this argument. Immediately after finding that Smith violated the terms of his probation the judge stated:

4

"The State, Mr. Roush [assistant district attorney] and Ms. Fry [legal intern for the State], will say, this is what we think you should do. Then Mr. Smartt [defense counsel] has an opportunity to say, this is what I think is fair. And then I'll let you speak, also, so you can talk to me about it, as well. My mind is made up on the probation violation. But then you can talk to me about, okay, what does that mean should happen?"

If the district court believed it had no discretion after it revoked Smith's probation, there would have been no reason to continue with the hearing. The court plainly recognized its discretion to hear arguments on what it should do, what was fair, and make a determination based on the arguments.

Next, Smith argues that the district court abused its discretion in deciding to revoke Smith's probation and order him to serve the controlling prison sentence. Smith argues his family support and obligations, his community relationships, the fact that he was receiving treatment, and the fact that he avoided committing new attempted aggravated burglaries or stalking offenses rendered the district court's decision to impose Smith's original prison sentence unreasonable. He made all of these arguments to the district court. But considering the original five convictions in conjunction with two probation violations that occurred approximately 4 months into a 24-month period of probation, we conclude a reasonable person could agree with the district court's decision to impose the underlying sentence. As such, the district court did not abuse its discretion.

*Criminal history*

Smith claims the original sentencing court violated his Sixth and Fourteenth Amendment rights under *Apprendi* when it calculated the underlying sentence using his prior criminal history without requiring the State to first prove it to a jury beyond a reasonable doubt. But we do not have jurisdiction to address this claim. The filing of a timely appeal is jurisdictional; if the appeal is not filed within the time period prescribed by statute, the court must dismiss the case. *State v. Hemphill*, 286 Kan. 583, 588, 186

P.3d 777 (2008). Under the statute, a defendant must file a notice of appeal within 14 days of sentencing. K.S.A. 2014 Supp. 22-3608(c). The time to file a notice of appeal starts from the pronouncement of the sentence. *State v. Ehrlich*, 286 Kan. 923, 925, 189 P.3d 491 (2008). Here, Smith had 14 days from December 6, 2013, his sentencing date, to appeal. The court informed Smith of the 14-day time limit and his right to have an attorney help in the appeals process. Smith failed to file an appeal within the time allowed. Accordingly, Smith's appeal of this issue is dismissed.

Affirmed in part and dismissed in part.