NOT DESIGNATED FOR PUBLICATION

No. 115,283

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TIMOTHY G. DRUMGOULD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed October 28, 2016. Affirmed in part and dismissed in part.

Submitted for summary disposition pursuant to K.S.A. 2015 Supp. 21-6820(g) and (h).

Before BUSER, P.J., ATCHESON and POWELL, JJ.

*Per Curiam*: Timothy G. Drumgould appeals from the district court's revocation of his probation and imposition of his underlying prison sentence. We granted Drumgould's motion for summary disposition of this appeal under Supreme Court Rule 7.041A (2015 Kan. Ct. R. Annot. 67).

On July 20, 2015, Drumgould pled no contest to robbery, a severity level 5 person felony; criminal threat, a severity level 9 person felony; two counts of theft, a class A misdemeanor; and four counts of stalking, a class A misdemeanor. The victim of his crimes was Kristin Bugger.

1

On August 21, 2015, Drumgould was sentenced to 36 months' probation, with a total underlying prison term of 36 months and a jail term of 12 months. His criminal history classification was H, and the district court made border box findings. The district court found that Drumgould was in need of treatment for his anger issues and "reluctantly" found that he did not pose a danger to society. The district court imposed several conditions of probation, including that Drumgould report to his probation officer as directed, obey all laws, and not engage in violence. The court also warned Drumgould against any contact with Bugger in this case.

Shortly after Drumgould was released on probation, on September 28, 2015, the State filed a motion to revoke his probation. The State alleged that, on September 23, 2015, Drumgould was charged with theft and domestic violence in Reno County. Once again, the alleged victim was Bugger. The State also asserted that Drumgould failed to report for two scheduled probation office visits and that he had absconded.

On October 29, 2015, the district court held a probation revocation hearing. The State called several witnesses. The principal witness, Bugger, testified that, on September 16, 2015, she picked up Drumgould and brought him to her house because "he wouldn't stop texting and harassing [her] until [she] did." Bugger testified that Drumgould contacted her almost every day. After Drumgould entered her house, she and Drumgould got into an argument. He punched her in the back of the head and repeatedly hit her. As a result, Bugger's head was "gashed open" and bloody.

Bugger's testimony was corroborated in part by her neighbor, Odasie Wright, who testified that she saw Drumgould running away from Bugger's house one night. Wright then entered Bugger's house and saw her covered in blood with a gash on her head. Bugger's report of the crime, her identification of Drumgould as the assailant, and the extent of her injuries were corroborated by Lieutenant Thad Pickard and Officer Jessica Kelly.

With regard to the claim that Drumgould did not report, Stephanie Wessel, Drumgould's intensive supervision officer, testified that Drumgould had not reported to her since September 1, 2015. In particular, he missed two scheduled visits in September. Although Drumgould called her on September 28, he did not come in for a visit.

After considering the evidence, the district court revoked Drumgould's probation and imposed the underlying sentence. The district court found that Drumgould violated his conditions of probation by committing an act of violence against Bugger and also by failing to report to his probation officer. Drumgould filed a timely notice of appeal.

REVOCATION OF PROBATION

On appeal, Drumgould contends the district court erred in revoking his probation and in imposing his underlying prison sentence.

Our court will only overturn a decision to revoke probation if the district court abused its discretion. *State v. Hurley*, 303 Kan. 575, 580, 363 P.3d 1095 (2016). A judicial action constitutes an abuse of discretion if it is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). The party asserting that the district court abused its discretion bears the burden of showing such abuse. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

In the district court, the State has the burden of establishing a probation violation. K.S.A. 2015 Supp. 22-3716(b)(2). Commission of the violation must be established by a preponderance of the evidence. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). A preponderance of the evidence is established when the evidence establishes a fact is more probably true than not true. Conviction for an act that is alleged to be a

probation violation is not required. *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016).

Our court generally reviews a district court's factual determinations for substantial evidence. *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007). Substantial evidence refers to legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. *State v. Talkington*, 301 Kan. 453, 461, 345 P.3d 258 (2015). An appellate court does not reweigh the evidence or the credibility of witnesses. *State v. Daws*, 303 Kan. 785, 789, 368 P.3d 1074 (2016).

Here, the State presented undisputed evidence that Drumgould repeatedly struck Bugger in the back of the head. The district court found Bugger's testimony was credible, and several witnesses corroborated her account. The State also presented undisputed evidence that Drumgould failed to report on two occasions. We conclude there was substantial evidence to prove by a preponderance of the evidence that Drumgould violated his probation by committing an act of violence and failing to report.

Once a probation violation has been established, the decision to revoke probation rests within the sound discretion of the district court. *State v. Skolaut*, 286 Kan. 219, 228, 182 P.3d 1231 (2008). Drumgould violated his probation less than 1 month after sentencing. He does not point to any errors of fact or law in the district court's decision to revoke his probation. The decision was not arbitrary, fanciful, or unreasonable. Rather, the district court found the evidence was "overwhelming" that "for the safety of the victim and the safety of the community the sentence should be ordered executed." We agree. The district court was well within its discretion to revoke Drumgould's probation and order his commitment to the Secretary of Corrections.

With regard to the district court's imposition of Drumgould's underlying sentence, K.S.A. 2015 Supp. 22-3716(c) provides that a sentencing court should generally impose

an intermediate sanction before ordering a probation violator to serve an underlying sentence unless certain exceptions apply. In this particular case, the district court was not required to impose any intermediate sanction if the offender "commits a new felony or misdemeanor" or if the court "finds and sets forth with particularity the reasons for finding that the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction." K.S.A. 2015 Supp. 22-3716(c)(8), (c)(9).

The district court found that public safety would be jeopardized if Drumgould was placed back on probation. With this finding, which is well supported by substantial competent evidence, the district court was not required to impose an intermediate sanction, and we affirm the court's order of commitment.

USE OF CRIMINAL HISTORY AT SENTENCING

For his second issue, Drumgould contends the district court violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), when it enhanced his sentences, based upon his criminal history, without first requiring that the prior convictions be alleged in the complaint and proven beyond a reasonable doubt.

Our court does not have jurisdiction to consider Drumgould's challenge to his sentence. Drumgould was sentenced on August 21, 2015. He filed a notice of appeal on October 30, 2015. Importantly, Drumgould did not appeal his sentence within 14 days as required by K.S.A. 2015 Supp. 22-3608(c). See *State v. Ehrlich*, 286 Kan. 923, 925, 189 P.3d 491 (2008). Accordingly, this issue is dismissed for lack of jurisdiction.

Regardless, this issue has no merit. Drumgould concedes that our Supreme Court rejected a similar argument in *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002), which was recently reaffirmed in *State v. Johnson*, 304 Kan. 924, 956, 376 P.3d 70

(2016). We are duty bound to follow Kansas Supreme Court precedent absent some indication that the court is departing from its earlier position. See *State v. Ottinger*, 46 Kan. App. 2d 647, 655, 264 P.3d 1027 (2011).

The district court's ruling revoking Drumgould's probation and ordering the imposition of sentence is affirmed. Drumgould's claim that his original sentence was unconstitutional because it violated the *Apprendi* decision is dismissed for lack of jurisdiction.

Affirmed in part and dismissed in part.