NOT DESIGNATED FOR PUBLICATION

No. 121,597

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MIKE M. MORENO,
*Appellant.*

MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Opinion filed May 8, 2020. Affirmed in part and dismissed in part.

Submitted for summary disposition pursuant to K.S.A. 2019 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., LEBEN, J., and MCANANY, S.J.

PER CURIAM: Mike Moreno appeals the district court's decision to revoke his probation and order that he serve the underlying sentence on his conviction for aggravated battery. He argues that the district court should have given him another chance on probation.

But Moreno admitted to violating his probation; he'd had prior violations; and he had already served two short periods in jail and 180 days in prison as previous sanctions for probation violations. Once the district court imposed those intermediate sanctions, it had the discretion to revoke probation if there were further violations, and generally we reverse its discretionary decision only if no reasonable person could agree with it. In this case, a reasonable person could agree with the district court's conclusion that Moreno was

not a suitable candidate for continued probation. We therefore affirm the district court's judgment.

With that background, we'll review a few more details of how the case got here. Moreno pleaded no contest to domestic-violence aggravated battery in 2016 and was placed on 24 months of probation with an underlying 32-month prison sentence that he'd have to serve if he didn't successfully complete probation. Between 2016 and 2019— when Moreno's probation was finally revoked and he was sent to serve the prison sentence—the district court gave Moreno several chances to complete his probation. Each time, the court found that Moreno had violated his probation. And each time, the court ordered some intermediate sanction short of having Moreno serve his full 32-month prison sentence.

Moreno first violated his probation by drinking alcohol, failing to submit urine samples and pay court fees, and not completing a court-ordered batterers-intervention program. The court sent Moreno to serve two days in county jail as a sanction. But Moreno continued to struggle on probation. He again failed to pay court fees, complete the domestic-violence class, and submit urine samples. He also failed to report to his probation officer several times and picked up new criminal charges for domestic violence and a DUI. Despite these many violations of his probation conditions, the court gave him another chance. It ordered Moreno to serve 180 days in prison as a sanction and extended his probation by 6 months.

But Moreno once again violated the probation. He was arrested two more times for domestic-violence offenses, and he continued to violate his probation by failing to complete the domestic-violence class, pay court fees, submit urine samples, and report to his probation officer. Moreno stipulated to the violations at a hearing but asked for leniency. He said that he had completed more than half of the required domestic-violence class sessions and that he had failed to attend probation-office meetings and submit urine

samples because he lacked access to transportation. The district court revoked Moreno's probation and ordered him to serve his original sentence of 32 months in prison.

Moreno has now appealed to this court, arguing that the district court should have given him another chance at probation. Under the statute in effect when Moreno was on probation, the court had the discretionary authority to revoke the probation for these violations. That's because although intermediate sanctions were generally required for an initial probation violation, once the intermediate sanctions had been used, the court had the discretion on further violations to revoke probation and impose the prison sentence. See K.S.A. 2018 Supp. 22-3716(c)(1)(A)-(E).

Since the court had the discretion to do what it did, the question before us is whether the court abused that discretion. A court abuses its discretion if its decision is based on factual or legal error or no reasonable person would agree with it. See *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016); *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015).

We find no abuse of discretion here. Moreno had had plenty of chances to succeed at his probation; over three years he continued to violate the same conditions of his probation. An important probation condition was the requirement that Moreno complete a batterers-intervention educational program. The court noted that this had been ordered more than two years ago, so Moreno had had plenty of chances to complete it. And he had continued to be arrested on domestic-violence charges, failed to submit drug tests, and failed to report to his probation supervisor. So a reasonable person could have concluded that Moreno didn't deserve any more chances; the court did not abuse its discretion when it revoked his probation.

Moreno makes one other claim in this appeal—that the district court violated his rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435

(2000), when it used his prior convictions to determine his criminal-history score. Moreno argues that this increased his underlying sentence without requiring the State to prove the past convictions to a jury beyond a reasonable doubt. *Apprendi* held that the Sixth Amendment to the United States Constitution requires that any fact that increases the penalty for a crime beyond the prescribed statutory maximum—"[o]ther than the fact of a prior conviction"—must be proved beyond a reasonable doubt to a jury. 530 U.S. at 490.

But Moreno didn't appeal his underlying sentence within 14 days as required by K.S.A. 2019 Supp. 22-3608(c). See *State v. Inkelaar*, 38 Kan. App. 2d 312, 317-18, 164 P.3d 844 (2007) (defendant's notice of appeal timely only as to probation revocation and not as to original sentence). When Moreno's probation was revoked in March 2019, a district court could correct an illegal sentence at any time. See K.S.A. 2018 Supp. 22-3504(a). But a claim that a sentence violates a constitutional provision does not make the sentence illegal within the meaning of K.S.A. 2018 Supp. 22-3504, so Moreno had only 14 days to appeal his sentence. See *State v. Ehrlich*, 286 Kan. 923, 925, 189 P.3d 491 (2008) (holding that Kansas courts do not have jurisdiction to decide an appeal that is not taken within the period fixed by statute). We therefore do not have jurisdiction to consider this second issue.

Even if we did, the Kansas Supreme Court has already considered the matter and confirmed that *Apprendi* does not keep the court from considering the mere fact of a prior conviction when applying the Kansas sentencing guidelines. *State v. Overman*, 301 Kan. 704, 716, 348 P.3d 516 (2015); *State v. Ivory*, 273 Kan. 44, 47-48, 41 P.3d 781 (2002). So the district court did not violate Moreno's rights when it used his prior criminal history to apply the Kansas sentencing guidelines.

On Moreno's motion, we accepted this appeal for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h) and Supreme Court Rule 7.041A (2019 Kan. S.

4

Ct. R. 47). We have reviewed the record available to the sentencing court, and we find no error in its decision to revoke Moreno's probation.

We affirm the district court's judgment; we dismiss Moreno's challenge to his sentence for lack of jurisdiction.