NOT DESIGNATED FOR PUBLICATION

No. 122,232

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEPHEN J. HOWARD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed April 16, 2021.
Appeal dismissed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Valerie D. Hansen*, assistant district attorney, *Thomas Stanton*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., POWELL and CLINE, JJ.

PER CURIAM: The filing of a timely notice of appeal is jurisdictional, and if the appeal is not taken within the time period fixed by statute, it must be dismissed. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016).

Stephen J. Howard was granted probation by the district court in December 2016. The district court ordered Howard to reimburse the Board of Indigents' Defense Services (BIDS) in two separate orders, one filed in August 2017 and the other in November 2017. The court revoked Howard's probation in November 2019 and ordered him to serve his underlying sentence. Howard filed a notice of appeal and on appeal only argues that the

1

district court erred when it imposed BIDS fees against him in 2017 without considering his financial situation. Because his appeal was untimely—more than 14 days after the assessment of the BIDS fees, we must dismiss it. See K.S.A. 2020 Supp. 22-3608(c) (providing that a defendant has 14 days from the imposition of the sentence to appeal).

FACTUAL AND PROCEDURAL HISTORY

In December 2016, after being convicted of conspiracy to commit aggravated robbery, Howard was granted probation by the district court. The associated journal entry indicated that Howard's BIDS attorney fees were waived.

At a probation violation hearing in April 2017, Howard was given a quick-dip sanction. No BIDS fees were assessed to Howard.

On August 9, 2017, the State filed an amended motion to revoke probation alleging that Howard violated the conditions of his probation. On August 14, 2017, the district court appointed Howard counsel. On August 17, 2017, the district court ordered Howard to reimburse BIDS $315.

At the probation revocation hearing held on August 18, 2017, the issue of BIDS fees did not come up. Howard stipulated to violating his probation and disposition was continued to September 8, 2017. In September, the district court sanctioned Howard. BIDS fees were not assessed in the journal entry.

On November 14, 2017, the district court ordered Howard to reimburse BIDS $315. The language of the order was identical to the August 17, 2017 order. A community corrections officer certified that she mailed a copy of both orders to Howard.

2

Another probation revocation hearing was held on November 14, 2019. The district court revoked Howard's probation and ordered him to serve his underlying sentence. No BIDS fees were ordered.

Howard filed a pro se notice of appeal on November 20, 2019. The notice of appeal stated:

- "testif[y]ing officer Rupert#485 had his integrity discredited on/during evidentiary hearing on pending case; 18CR578 Saline County; and was allowed to testify at defendant[']s revocation hearing. Officer used alleged information from pending hearing to persuade judge to execute sentence; 16CR642.

- "defendant[] believes the agreed time stipulation of agreed contract of restitutional supervision; 24 months Community corrections had expired; w[ith] prejudice is serving underline sentence."

ANALYSIS

On appeal, Howard argues that the district court erred by imposing $630 of BIDS fees against him. The State argues that this court lacks jurisdiction to hear the case for two reasons. First, because Howard did not timely appeal the two orders assessing BIDS fees in 2017. And second, because Howard's notice of appeal did not address BIDS fees. We agree with the State.

Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *Smith*, 304 Kan. at 919. Moreover, the right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. 304 Kan. at 919.

3

The filing of a timely notice of appeal is jurisdictional, and if the appeal is not taken within the time period fixed by statute, it must be dismissed. A limited exception to this general rule is recognized in the interest of fundamental fairness only in those cases where an indigent defendant was either: (1) not informed of the right to appeal; (2) was not furnished an attorney to perfect an appeal; or (3) was furnished an attorney for that purpose who failed to perfect and complete an appeal. 304 Kan. at 919.

The Kansas Supreme Court addressed an issue similar to the one in this case in *State v. Ehrlich*, 286 Kan. 923, 926, 189 P.3d 491 (2008), where the court held it lacked jurisdiction to consider the defendant's BIDS issue because the defendant failed to file a notice of appeal at the time the BIDS fee was imposed. In *Ehrlich*, the defendant was granted probation in August 2003 and was ordered to reimburse BIDS for attorney fees and the application fee. The district court revoked Ehrlich's probation in January 2006 and ordered him to serve his underling sentence. Ehrlich filed his notice of appeal in January 2006 and on appeal raised an issue relating to the imposition of BIDS fees. This court dismissed the BIDS portion of appeal for lack of jurisdiction. 286 Kan. at 924-26.

The Kansas Supreme Court noted that, at the time, under K.S.A. 22-3608(c), a defendant had 10 days to file a notice of appeal from an order of the court. Thus, the court reasoned, Ehrlich had 10 days from the imposition of his sentence and the BIDS order to file a notice of appeal contesting the imposition of BIDS fees. 286 Kan. at 925. Because he did not do so and did argue that fundamental fairness required the court to address the issue, the Kansas Supreme Court affirmed the dismissal of Ehrlich's appeal for lack of jurisdiction. 286 Kan. at 926.

The same considerations apply in this case. The district court ordered Howard to reimburse BIDS $315 in two orders—one made in August 2017 and the other in November 2017. Howard had 14 days to file a notice of appeal to timely appeal those orders. See K.S.A. 2017 Supp. 22-3608(c). He did not do so. The only notice of appeal in

4

this case was filed in November 2019, more than two years after the BIDS orders were entered. And like the defendant in *Ehrlich*, Howard fails to argue that fundamental fairness requires this court to address the issue.

Because Howard failed to timely file a notice of appeal and does not argue that an exception exists which allows this court to address the issue, we are required to dismiss the appeal for lack of jurisdiction. See *Ehrlich*, 286 Kan. at 926.

Appeal dismissed.