NOT DESIGNATED FOR PUBLICATION

No. 123,054

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOHNATHAN S. CLARK,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; FAITH A.J. MAUGHAN, judge. Opinion filed May 28, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., HILL, J., and MCANANY, S.J.

PER CURIAM: Jonathan S. Clark appeals the order sending him to prison. We granted Clark's motion for summary disposition of his appeal under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). We find no abuse of discretion by the district court and affirm.

Clark pled guilty to possession of heroin. The court granted Clark a downward dispositional departure to probation for 12 months rather than order him to serve a 32-month prison sentence.

1

*Clark failed to fulfill the terms of his probation.*

Clark was released from jail the next day after he was sentenced, but he failed to report to his ISO as directed. A few days later, he committed the crime of theft. The court sent him to jail for 60 days, extended his probation, and ordered him to successfully complete inpatient drug treatment.

In May and June 2019, Clark used methamphetamine, was unsuccessfully discharged from inpatient treatment, and failed to report to his ISO three times. The court sent him to jail for three days and extended his probation.

In August 2019, Clark twice failed to report to his ISO. In October 2019, he was found with a syringe, which the State contended was drug paraphernalia. Because he was sober, the court believed Clark was trying to change and continued him on probation with a two-day jail sanction.

But things changed in January 2020, when Clark tested positive for methamphetamine and amphetamine. He had also failed to:
- report to his ISO two times;
- provide proof of attending drug treatment;
- receive written permission from his ISO before leaving the state;
- remain in the lobby of Reno County Community Corrections as directed; and
- provide proof of prescriptions to his ISO within 72 hours.

The court revoked his probation and ordered him to serve his original prison sentence.

To us, Clark contends:

2

(1) the district court abused its discretion in revoking his probation because he showed a need for drug treatment; and

(2) the district court erred by using his criminal history to enhance his sentence without proving that history to a jury beyond a reasonable doubt under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

*We find no abuse of discretion here.*

Once a probation violation has been established, a district court's decision to revoke the offender's probation and impose that sentence is discretionary unless otherwise limited by statute. See *State v. Dooley*, 308 Kan. 641, 647, 423 P.3d 469 (2018). A judicial action constitutes an abuse of discretion if the action

- is unreasonable;
- reflects an error of law; or
- stems from an error of fact.

*State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

The party alleging the abuse of discretion bears the burden of proof. *Thomas*, 307 Kan. at 739. The judicial action is unreasonable when no reasonable person would have taken the same action. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006).

One statute, K.S.A. 2017 Supp. 22-3716(c), limits the court's discretion in deciding how to sanction a felony probation violator. Under the statute, a sentencing court should impose a series of intermediate, graduated sanctions before ordering a probation violator to serve his or her underlying sentence, unless certain exceptions apply. For example, the district court need not impose any intermediate sanction if the offender "commits a new felony or misdemeanor while the offender is on probation" or if

3

the probation "was originally granted as the result of a dispositional departure granted by the sentencing court." K.S.A. 2017 Supp. 22-3716(c)(8)(A), (9)(B).

Here, the district court did not make an error of fact or law. The court had the statutory authority to revoke Clark's probation because he was granted probation as the result of a downward dispositional departure. The district court's decision to revoke his probation is not unreasonable particularly given that this was Clark's fourth revocation hearing. He was given many opportunities after a series of probation violations. He was ordered to complete drug treatment after the first probation violation hearing but failed to do so successfully. Clark has not shown the court abused its discretion under these circumstances.

*Criminal history*

Clark's appeal of this issue is untimely. He had 14 days from the date of his sentencing to appeal the court's use of his criminal history score to enhance his sentence. See K.S.A. 2020 Supp. 22-3608(c); *State v. Ehrlich*, 286 Kan. 923, 925, 189 P.3d 491 (2008). He was sentenced in January 2019, but his notice of appeal was not filed until July 2020. We may review his probation revocation, but not his underlying sentence.

Even if we did review it, we note that our Supreme Court has repeatedly rejected this challenge. *State v. Sullivan*, 307 Kan. 697, 708, 414 P.3d 737 (2018) (reaffirming *State v. Ivory*, 273 Kan. 44, 46-47, 41 P.3d 781 [2002]). We are duty-bound to follow this precedent. See *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017).

Affirmed.

4