NOT DESIGNATED FOR PUBLICATION

No. 122,987

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MICHAEL J. WILLIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed June 4, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., HILL, J., and MCANANY, S.J.

PER CURIAM: Michael J. Willis appeals the district court's decision to summarily dismiss his motion to correct an illegal sentence. He asserts the district court erred when it concluded that he was not entitled to relief.

We granted Willis' motion for summary disposition under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48). The State responded and agreed that summary disposition was appropriate under the facts of the case. After reviewing the record on appeal and finding no error, we affirm the district court's decision.

1

## FACTUAL AND PROCEDURAL HISTORY

In May 2012, Willis pleaded guilty to aggravated criminal sodomy in violation of K.S.A. 21-3506(a)(1). The district court imposed a hard 25 sentence and ordered him to pay a total of $1,100 in court costs, booking fees, witness fees, and BIDS attorney fees.

In February 2019, Willis filed a pro se "Motion to Dismiss Dormant Debt" pursuant to K.S.A. 60-2403(a), arguing that the costs he was ordered to pay became dormant in June 2017 and remained dormant for two years thereafter. In April, the district court dismissed Willis' motion. In July, Todd Butler of Butler & Associates, P.A., entered an appearance on behalf of the State to collect the outstanding costs and fees associated with Willis' case. Butler requested issuance of a garnishment, which the district court later granted.

In February 2020, Willis moved to correct an illegal sentence under K.S.A. 2019 Supp. 22-3504, arguing that the garnishment proceedings were fraudulent and when money was garnished from his inmate trust account, it constituted an illegal resentencing.

In March, the district court summarily denied Willis' motion because the judgment and collection of debts was authorized by statute and was not a modification of Willis' sentence. Willis' appeal brings the matter to us.

## ANALYSIS

Willis argues that the costs and fees imposed in his case are part of his criminal sentence. So when the district court ordered money to be garnished from his inmate trust account to recover on the debts, it resulted in an illegal modification of his sentence.

Our statutes define an illegal sentence as a sentence "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." K.S.A. 2020 Supp. 22-3504(c)(1). Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court has unlimited review. *State v. Sartin*, 310 Kan. 367, 369, 446 P.3d 1068 (2019).

In *State v. Robinson*, 281 Kan. 538, 547, 132 P.3d 934 (2006), our Supreme Court held that the assessment of BIDS attorney fees "is not punitive; it is not a punishment or part of the sentence at all." See *State v. Ehrlich*, 286 Kan. 923, 925, 189 P.3d 491 (2008) (reaffirming that the assessment of attorney fees is not part of a defendant's sentence). Similarly, our Supreme Court has also held that docket and booking fees are not part of a defendant's sentence. *State v. Phillips*, 289 Kan. 28, 36, 210 P.3d 93 (2009).

Accordingly, these cases demonstrate that Willis is precluded from relief because the district court did not illegally modify his sentence when it ordered that his inmate account be garnished to satisfy his outstanding costs and fees. Based on the record before us, we conclude the district court did not err when it summarily dismissed Willis' motion to correct an illegal sentence.

Affirmed.