NOT DESIGNATED FOR PUBLICATION

No. 127,201

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

COLBY BOYD,
*Appellant*.

MEMORANDUM OPINION

Appeal from McPherson District Court; JOHN B. KLENDA, judge. Submitted without oral argument. Opinion filed October 24, 2025. Appeal dismissed.

*Kasper Schirer,* of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier,* assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before HURST, P.J., ATCHESON and ISHERWOOD, JJ.

PER CURIAM: Pursuant to a plea agreement, Colby Boyd pled guilty to multiple felony charges. At sentencing Boyd sought a dispositional departure, requesting probation rather than the statutorily prescribed presumptive prison term. The State's arguments at sentencing opposing probation form the basis for Boyd's appeal.

Boyd claims that while opposing his requested departure sentence, the State committed prosecutorial error when it introduced facts not in evidence. Although Boyd understands that presumptive sentences are generally not appealable, he contends that the

1

prosecutor committed reversible error and thus this court should hear his appeal. Despite Boyd's creative framing, he seeks redress from the sentence or, more specifically, the district court's refusal to accept his request for dispositional departure. This court generally lacks appellate jurisdiction to review a presumptive sentence, and Boyd cites no exception permitting its review. Accordingly, Boyd's appeal is dismissed.

FACTUAL AND PROCEDURAL BACKGROUND

Given the relief Boyd seeks and the disposition here, it is not necessary to belabor the factual background. In 2021, the State charged Boyd with several drug related felonies and misdemeanors in two separate cases, 21-CR-92 and 21-CR-391. Boyd reached a plea agreement with the State in which he agreed to plead guilty or no contest to three drug felonies: possession of methamphetamine with intent to distribute, possession of tramadol with intent to distribute, and possession of methamphetamine. In exchange, the State agreed to, among other things: (1) dismiss the remaining counts in the amended complaint, (2) dismiss 21-CR-391 in its entirety, and (3) recommend the standard sentence in the appropriate grid box for each count. Relevant here, the plea agreement also stated that both "parties remain free to argue for a prison/non-prison sentence."

At the plea hearing, the State offered a stipulated factual basis for Boyd's pleas, which provided that during a search of Boyd's residence, police "located suspected methamphetamine and tramadol, along with paraphernalia to include packaging materials, scales and baggies, showing that he had the intent to distribute both methamphetamine and tramadol, and also found what they believed to be personal use methamphetamine." The methamphetamine weighed between 3.5 to 100 grams and the tramadol was "at least 10 dosage units but less than 100 dosage units." Additionally, the suspected illegal drugs were ultimately confirmed through KBI testing.

2

Before sentencing, Boyd moved for a dispositional departure, seeking probation in lieu of imprisonment. Essentially, Boyd claimed his charges stemmed from substance abuse issues that had worsened due to devastating life circumstances. Boyd claimed that since the charges he had made "significant life changes," including entering treatment and maintaining sobriety for over a year. Boyd further contended that he had undergone a "full psychological evaluation," which resulted in specific recommendations that could be used for creating his probation requirements. According to Boyd's psychological evaluation submitted with his motion, Boyd "noted he usually purchased large quantities of drugs because of the better value. He was 'not trying to be a drug dealer' but 'eventually people ask[ed]' and he provided drugs to 'a couple of buddies.'"

At sentencing, the State opposed Boyd's request for a dispositional departure and asked the district court to impose the standard sentence for each count. The State argued that the drugs and paraphernalia found at Boyd's house, which included a scale and baggies, were inconsistent with personal use and Boyd simply sharing with a few friends. The State also explained it was prepared to offer testimony from someone who purchased drugs from Boyd and who knew his residence as a place to get drugs.

The district court ultimately denied Boyd's motion for a dispositional departure, reasoning: "There are consequences for bad behavior. I understand you've had some tough problems in your life, but there's a difference between possessing meth and using meth, but when you are a distributor and distributing methamphetamine and distributing tramadol, that's dangerous to other people." The district court sentenced Boyd to the standard presumptive prison term for all three counts.

DISCUSSION

Boyd contends that the State committed reversible prosecutorial error by arguing facts not in evidence at sentencing which improperly influenced the district court's decision to deny his requested dispositional departure. Apparently recognizing the general prohibition against appealing a presumptive sentence, Boyd contends that he is challenging the constitutionality of the prosecutor's "improper argument that produced that sentence" rather than the presumptive sentence itself. The heart of Boyd's argument seeks redress from a presumptive sentence by alleging constitutional error during the sentencing hearing. Before addressing Boyd's argument, this court must determine whether it has jurisdiction to hear the argument.

"Whether appellate jurisdiction exists is a question of law over which this court has unlimited review." *State v. Garcia-Garcia*, 309 Kan. 801, 806, 441 P.3d 52 (2019). This court also exercises unlimited review over any statutory interpretation required in this inquiry. 309 Kan. at 806. The right to appeal in Kansas "is purely a statutory right; no appellate review is required by the United States Constitution or the Kansas Constitution." *State v. Ehrlich*, 286 Kan. 923, Syl. ¶ 2, 189 P.3d 491 (2008). Therefore, this court only has appellate jurisdiction when prescribed by statute. See *State v. Clark*, 313 Kan. 556, 561, 486 P.3d 591 (2021) ("[A]s a general rule, appellate courts may exercise jurisdiction only when authorized to do so by statute."). Accordingly, "when the record shows a lack of jurisdiction, the appellate court must dismiss the appeal." *Ryser v. State*, 295 Kan. 452, Syl. ¶ 1, 284 P.3d 337 (2012).

A defendant may challenge their criminal sentence on appeal as provided by the Revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-6801 et seq. See *State v. Rizo*, 304 Kan. 974, 984, 377 P.3d 419 (2016) ("The revised [KSGA] defines a defendant's right to appeal from his or her sentence."). The KSGA provides that the appellate court "shall not review . . . [a]ny sentence that is within the presumptive

sentence for the crime" for felonies committed after July 1, 1993. K.S.A. 21-6820(c)(1); *State v. McMillan*, 319 Kan. 239, 246, 553 P.3d 296 (2024). That means that under the KSGA the appellate court "lacks jurisdiction to hear an appeal from the district court's denial of a departure motion from a presumptive sentence" when the sentence imposed is within the presumptive sentencing guidelines. *State v. Farmer*, 312 Kan. 761, Syl. ¶ 1, 480 P.3d 155 (2021).

The KSGA defines "presumptive sentence" as "the sentence provided in a grid block for an offender classified in that grid block by the combined effect of the crime severity ranking of the offender's current crime of conviction and the offender's criminal history." K.S.A. 21-6803(q); *Farmer*, 312 Kan. at 764. Boyd received the standard presumptive sentence—as provided in the KSGA—for all three of his post-1993 felony convictions. Therefore, because Boyd's on-grid sentences meet the definition of a "presumptive sentence," this court lacks appellate jurisdiction to hear his appeal from those sentences. See *Rizo*, 304 Kan. at 984 ("Consequently, with respect to [the defendant's] sentences that are derived from the KSGA grid there is no appellate jurisdiction.").

Boyd attempts to frame his appeal as a challenge to the "improper argument that produced" his presumptive sentences rather than the sentences themselves. Boyd argues his sentence was improperly influenced by prosecutorial error of presenting facts not in evidence. According to Boyd, the State's alleged prosecutorial errors "went to the major point of contention at this departure argument: whether [he] was an addict sharing with a few friends, or a drug dealer actively selling for profit." Boyd contends that the district court's decision to deny his requested dispositional departure was influenced by the allegedly erroneous statements. However, to be clear—Boyd's requested relief is that this court vacate his sentences and remand for resentencing.

While the Kansas Supreme Court recognizes narrow exceptions to the prohibition against appellate review of presumptive sentences, Boyd cites no authority supporting an exception in these circumstances. See, e.g., *State v. Albano*, 313 Kan. 638, 640, 487 P.3d 750 (2021) (recognizing an exception permitting appellate review of the overall statutory sentencing scheme rather than the defendant's individual sentence); *State v. Warren*, 297 Kan. 881, Syl. ¶ 1, 304 P.3d 1288 (2013) (permitting appellate review of a presumptive sentence when the district court misinterprets its statutory authority to depart). Unlike in *Warren* where appellate review of a presumptive sentence was permitted, Boyd does not argue that the district court misunderstood its authority to depart from the presumptive prison sentence. 297 Kan. 881, Syl. 1. As the State observes, the Kansas Supreme Court has found a lack of appellate jurisdiction to review presumptive sentences even when—as here—the defendant asserts a constitutional infirmity against the motivation or influence for his or her sentence. See *State v. Huerta*, 291 Kan. 831, Syl. ¶ 3, 247 P.3d 1043 (2011).

There was ample evidence properly before the court that Boyd distributed drugs, and Boyd's puzzling assertion that the prosecutor's statements somehow improperly tainted the district court's decision are irrelevant to this court's jurisdiction.

CONCLUSION

Boyd fails to demonstrate any exception permitting this court's review of his presumptive sentence. Accordingly, Boyd's appeal is dismissed for want of appellate jurisdiction.

Appeal dismissed.