NOT DESIGNATED FOR PUBLICATION

No. 128,685

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARCUS R. WILLIAMS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; TYLER ROUSH, judge. Opinion filed January 23, 2026. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before PICKERING, P.J., SCHROEDER and HURST, JJ.

PER CURIAM: Marcus R. Williams appeals his sentence and the court's restitution order following convictions associated with a global plea agreement. Williams moved for summary disposition of his appeal in accordance with Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48), noting the settled law regarding restitution and appellate review of presumptive sentencing following a plea agreement. The State's response did not contest summary disposition, and the court granted Williams' motion to proceed through summary disposition in lieu of briefing.

Although the basis for any objections Williams has to his sentence or the district court's restitution order are not clear, as explained herein, this court's authority to address

1

either is limited. Williams fails to demonstrate any error, so the district court's decision is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

The State charged Williams with several offenses in five separate cases— 22CR490, 22CR491, 22CR492, 23CR1277, and 23CR1393—related to events that occurred between March 8 to March 28, 2022, and June 10 to June 24, 2023.

On May 10, 2024, the State filed a motion to consolidate all the cases for trial. The defense agreed to the motion, and the district court granted the consolidation.

*The parties entered a plea agreement.*

Four days later, Williams signed an acknowledgment of his rights and entry of plea in the consolidated cases. Williams agreed to plead no contest to six total criminal counts, which included two counts of felony aggravated domestic battery; felony aggravated battery; two counts of felony criminal threat; and misdemeanor violation of a protective order.

In exchange for Williams' no contest pleas, the State agreed to dismiss all remaining counts in the associated cases as well as all counts in 22CR490 and 22CR491. Additionally, both parties agreed to recommend the following regarding sentencing:

- that the district court sentence Williams to the high number in the appropriate Kansas Sentencing Guidelines grid box on all felonies and 12 months in jail on all class A misdemeanors;
- that the counts within cases run concurrent with each other, cases 22CR492 and 23CR1277 run consecutive to each other, and 23CR1393 should run concurrent with the other cases and charges;

- that the sentence imposed in this case run consecutive to all prior convictions;
- that Special Rule 10 applies to the felony charges in these cases; and
- that "the statutory presumption, believed to be prison, be followed."

As to restitution, the parties agreed that Williams would "pay reasonable restitution in an amount to be determined prior to or at sentencing in these cases," though the agreement was silent on when payment would begin.

Pursuant to the plea agreement, the district court convicted Williams of each count. At sentencing on August 9, 2024, the parties agreed that Williams' criminal history score was B, and Williams affirmed the accuracy of his prior convictions. Both Williams and the State confirmed their desire to abide by the terms of the plea agreement. The district court followed the sentencing recommendations in the plea agreement and sentenced Williams to 44 months in prison.

The district court then waived attorney's fees in the case and ordered Williams to pay $455 in restitution—an amount conceded to by Williams. The district court ordered Williams to begin immediate restitution payments totaling $455 to the victim. Williams' counsel asked the district court to reconsider its decision and make the restitution due as a part of postrelease rather than immediately. He asserted that Williams was found indigent in the case, had been in custody for over a year, and had no present ability to pay. The district court denied the request and ordered the restitution due immediately.

DISCUSSION

On appeal, Williams does not state any specific allegations of error or basis for the appeal. Based on the facts asserted in his motion for summary disposition and on the brief statement in his notice of appeal, it appears Williams takes issue with the district court's decision to order his restitution due immediately and he also dislikes his sentence.

3

Williams' failure to explain the nature of any alleged error is particularly troublesome where the claim impacts whether appellate jurisdiction exists. See *State v. Ehrlich*, 286 Kan. 923, Syl. ¶ 2, 189 P.3d 491 (2008) (the right to appeal is purely statutory). Failure to adequately brief the nature of his claims results in waiver or abandonment of any associated claims of error. See *State v. Gallegos*, 313 Kan. 262, 277, 485 P.3d 622 (2021) (Issues not adequately briefed are deemed waived or abandoned.).

### 1. *Williams fails to assert a sentencing error.*

A defendant may challenge their criminal sentence on appeal as provided by the Revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-6801 et seq. Importantly here, the relevant KSGA provision prohibits appellate review of "[a]ny sentence that is within the presumptive sentence for the crime." K.S.A. 21-6820(c)(1); *State v. McMillan*, 319 Kan. 239, 246, 553 P.3d 296 (2024). The KSGA defines "presumptive sentence" as "the sentence provided in a grid block for an offender classified in that grid block by the combined effect of the crime severity ranking of the offender's current crime of conviction and the offender's criminal history." K.S.A. 21-6803(q). The record shows that Williams' felony sentences were within the presumptive range provided by the KSGA, and he does not dispute this on appeal or assert some exception permitting this court's review.

Furthermore, on appeal from a felony conviction, the appellate court is without jurisdiction to review a sentence that was a result of the district court adopting the agreed-upon sentence recommendations of the parties. K.S.A. 21-6820(c)(2); see *State v. Cooper,* 54 Kan. App. 2d 25, 27-28, 394 P.3d 1194 (2017) (explaining that K.S.A. 21-6820[c][2] divests a court of jurisdiction to review a departure sentence that was the result of an adopted plea negotiation). Here, the parties do not dispute that Williams' sentences were the result of the plea-negotiated agreement of the parties that the court

approved of on the record. Moreover, Williams once again asserts no claim that appellate jurisdiction exists despite this agreement.

Having been provided with no argument suggesting this court has authority to review his felony sentences, the court moves on to the misdemeanors. The misdemeanor sentences do not fall under the KSGA. See *State v. Huff*, 277 Kan. 195, 197-98, 83 P.3d 206 (2004). Here, the district court sentenced Williams within the permissible sentencing range for his misdemeanor violation of a protection order conviction. See K.S.A. 21-6602(a)(1). Williams has not asserted any claim of error associated with that sentence and this court cannot opine as to what error Williams believes occurred. Accordingly, the district court's sentencing decisions are affirmed.

### 2. *The court did not abuse its discretion as to restitution.*

The Legislature has incorporated restitution as a component of criminal sentencing and the district court has authority to order restitution as provided in the applicable statute:

> "(b)(1) Restitution shall be due immediately unless:
> (A) The court orders that the defendant be given a specified time to pay or be allowed to pay in specified installments; or
> (B) the court finds compelling circumstances that would render restitution unworkable, either in whole or in part." K.S.A. 2021 Supp. 21-6604(b)(1).

The applicable statute clearly provides that restitution is due immediately unless some other condition exists. Moreover, the Kansas Supreme Court has found that "restitution is the rule and unworkability is the exception." *State v. Taylor*, 317 Kan. 364, 365, 368, 530 P.3d 431 (2023). Therefore, "the burden is on the defendant to show compelling circumstances that would render restitution unworkable." 317 Kan. at 368. To meet that burden, defendants must generally present evidence of their inability to pay at the time

5

the financial obligation is due; and, "[a]bsent that evidence, the restitution order is presumed to be workable." 317 Kan. at 368; see *State v. Holt*, 305 Kan. 839, 842, 390 P.3d 1 (2017).

This court reviews a claim that the district court's restitution order is unworkable for an abuse of discretion. *Taylor*, 317 Kan. at 368. A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Younger*, 320 Kan. 98, 137-38, 564 P.3d 744 (2025). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *Taylor*, 317 Kan. at 368.

Williams does not claim the restitution plan is unworkable for any reason. While Williams requested to delay his restitution until after his release, he does not claim on appeal that the district court's failure to agree to that request constituted an abuse of discretion. To the extent this court can even assume that Williams pursues this appeal under that claim—Williams fails to identify whether the court's decision was an error of law, fact, or unreasonable to constitute an abuse of discretion.

## CONCLUSION

Williams fails to demonstrate the court abused its discretion in sentencing or ordering restitution, and the court's decisions are accordingly affirmed.

\* \* \*

PICKERING, J., concurring:  I concur with the opinion. My review of the summary disposition motion found that Williams adequately identified the two reasons that call for summary disposition under Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48).

Under Rule 7.041A(a) (2025 Kan. S. Ct. R. at 48), a "party may move for summary disposition of a sentencing appeal when no substantial question is presented by the appeal." Here, Williams' summary disposition motion lists the two reasons for why summary disposition is appropriate. That is, Williams concedes the relief is not available to him by stating:

> "3.      Reasons for summary disposition. K.S.A. 21-6820(c)(2) ('the appellate court shall not review . . . any sentence resulting from an agreement between the state and the defendant which the sentencing court approves on the record'); K.S.A. 21-6604(b)(4) (the presumption is 'restitution shall be due immediately')."

We granted Williams' motion for summary disposition in lieu of briefing.

A review of the record shows—which Williams acknowledges—that the district court did not err in imposing the sentence or ordering the restitution to begin immediately. This appeal is thus without merit. I would therefore affirm the district court's ruling without finding Williams failed to articulate a claim under Rule 7.041A(a).